ALBANY,
Dec. 1830.

Bates
v.
Loomis.

---

### BATES *vs.* LOOMIS.

In an action for an assault and battery, if the defendant does not plead, but suffers a default, such default *admits* an assault and battery, but it does not admit an assault and battery on any particular day, e. g. the day laid in the declaration, nor does it admit any circumstances laid in the declaration by way of aggravation.

Without proof in such case that the injury complained of was committed by the defendant, the plaintiff is entitled to only *nominal damages.*

Dec. 9th.

MOTION that writ of inquiry be executed at the circuit. The action was for an assault and battery. The day laid in the declaration was the *second* day of January, 1830. The

ALBANY,
Dec. 1830.

Bates
v.
Loomis.

defendant did not plead, and a writ of inquiry was executed and an inquisition found for $200 damages, which inquisition was set aside and a new inquiry held. On the hearing before the sheriff and the jury, the plaintiff proved that *on the day* laid in the declaration he was severely beaten, but did not prove that the defendant inflicted the injuries complained of. The counsel for the plaintiff insisted that the defendant, by his default in not pleading, *admitted,* not only that he had been guilty of an assault and battery, but also that he had been guilty of *the* assault and battery committed on the plaintiff *on the day* laid in the declaration. This was denied by the counsel for the defendant, who contended that, though the default admitted an assault and battery, it *did* not admit *the* assault and battery commited on *the day* laid in the declaration ; and as there was no proof that the defendant committed the injuries suffered by the plaintiff on that day, the plaintiff was entitled to *nominal damages* only. The jury could not agree upon an inquisition. Under these circumstances, so that the jury might be correctly instructed as to the law of the case, it was moved by the defendant that the writ of inquiry be executed at the circuit. The motion was resisted on the part of the plaintiff, and it was admitted that the law as contended for on his part before the sheriff was erroneously insisted on, and that therefore there was no necessity of sending the cause to the circuit. The defendant consented to withdraw his motion, on the court expressing its opinion upon the question of law.

*J. Edwards,* for the defendant,

*M. T. Raynolds,* for the plaintiff,

*By the Court,* MARCY, J.   A default in a case like this admits an assault and battery ; but it does not, I apprehend, entitle the plaintiff to any thing more than *nominal damages.* It admits only the traversable allegations in the declaration. Neither the specific day when the injury was done, nor the circumstances of aggravation are traversable. They are not therefore admitted by the default. A plea in this case denying a battery on the *second day of January,* (that being the day

laid in the declaration,) would have been clearly bad, because the plaintiff, to entitle him to recover, is not confined in his proof to a battery on that day. The admission by the default is of a battery committed within the period to which the plaintiff is confined by his proof. The battery may have been on the second day of January, but not necessarily so. It may as well have been on any other day in any of the three or four preceding years. If the plaintiff received on that day a personal injury, the default does not establish the fact, in the absence of all other proof, that the defendant inflicted it. Before damages can be awarded against him for it, the plaintiff must shew, either by direct proof or by circumstances, sufficient to produce a reasonable conviction in the minds of the jury that the defendant inflicted the injury.