### OLIVER M. HYDE v. CHARLES MOFFAT.

Case will not lie for a *non-feasance*, where the undertaking was gratuitous merely ; but if the party promising have commenced upon his undertaking, case will lie for any *mal-feasance*, or neglect, in the performance of it.

Case is the appropriate action to recover damages for the fraudulent detention of a title deed, by means of which the plaintiff lost all title to his land.

And in such action, when the title to the land is not in dispute, it is not necessary to give a particular description of the land specified in the deed.

And where the plaintiff alledged that the defendant received the deed to get it recorded in the county clerk's office, and neglected to do so, and refused to deliver it back to the plaintiff, by which the plaintiff lost his title to the land, and all remedy on the covenants, and in consequence of which he had been defrauded out of the consideration paid for the land, it was held that the declaration was sufficient in that respect, without an averment that the laws of the place required title deeds to be recorded in the county clerk's office.

So, when the plaintiff alledges that the defendant did not own a part of the land described in his deed, and at the same time alledges other facts, which show that, if he is entitled to recover any damage, it will be for the value of the whole land, it is not necessary to specify to which, or how much of the land, the defendant's title has failed.

Hyde v. Moffat.

A *demurrer* to a declaration not only admits the *facts* alledged therein, but it admits the *consequences* that are alledged to have resulted from those facts, provided such consequences may fairly be considered as legitimate results from such facts. In other words a demurrer admits the whole of the declaration according to its legal effect.

When a declaration counts upon a contract, and claims damage for a breach of it, or for a failure to fulfil it, the contract should be set out in precise terms; but when the contract is merely referred to as matter of inducement, it is sufficient to allude to it in general terms.

It is no cause for demurrer that the dates and sums are expressed in figures, instead of words, in the declaration.

The plaintiff, in this case, declared as follows, "In a plea of the case, for that, at the city of Detroit, Michigan, on or about the 23d August, 1838, the defendant, by his deed of warranty in writing, duly executed under his hand and seal, and duly acknowledged, and for the consideration of the sum of ten thousand dollars then paid to him by the plaintiff, sold and conveyed to the plaintiff one equal undivided half of fourteen lots of land, of eighty acres each, situated in the township of Kallamo, in the county of Eaton, in the state of Michigan, and then and there received said deed from the plaintiff, after the delivery thereof to him by the defendant, and then and there faithfully promised to procure the said deed to be recorded in the office of the *county clerk* of said county as soon as might be, for the purpose of perfecting a title in the plaintiff to said lands; and the plaintiff avers that the said defendant, at the time of executing said deed, had no title to some of the lots in said deed mentioned, and had no right to convey the same; which the defendant well knew; and the plaintiff avers, that the defendant, well knowing the premises, and fraudulently intending to deceive and defraud the plaintiff, and falsely and fraudulently to cheat, swindle, and extort the said sum of ten thousand dollars from and out of the plaintiff, falsely, fraudulently, and maliciously neglected to get said deed recorded, as aforesaid, and thereby wrongfully and corruptly deprived the plaintiff of all benefit, which he might otherwise have received from said deed, and wholly defrauded the plaintiff of said $10,000, all which is to the damage of the plaintiff $20,000."

To this the defendant demurred, setting forth, as special objections to the declaration; 1. That it was not stated what fourteen lots were conveyed to the plaintiff by said deed, and that, therefore, the declaration was vague and uncertain; 2. That no consideration was alledged for defendant's promise to procure said deed recorded; 3. That it was not set forth that the recording said deed was required by the laws of Michigan, nor how the recording was important, nor that the county clerk's office was a proper place in which to have it recorded, or the place required by law, and that, hence, if every thing set forth in the declaration was true, the court could not see that any damage had been sustained; 4. That it was alledged that the defendant did not own a part of the lands purporting to be conveyed by said deed, but did not specify them; 5. That it was not stated how the plaintiff was damnified, as that creditors interposed, or a subsequent purchaser from the defendant, without notice, obtained a claim; 6. That it did not appear but that the plaintiff had all the title the defendant ever conveyed to him.

The plaintiff then, by leave of court, amended his declaration by filing an additional count in these words : "Also for that, at the city of Detroit, in the state of Michigan, on or about the 23d day of August, 1838, the defendant, by his deed of warranty in writing, duly executed under his hand and seal, and duly acknowledged, and for the consideration of the sum of ten thousand dollars then and there paid to him by the plaintiff, sold and conveyed to the plaintiff one equal undivided half of fourteen lots of land of eighty acres each, situated in the township of Kallamo, in the county of Eaton, in the state of Michigan, and, after the execution and delivery of said deed by the defendant to the plaintiff, he, the plaintiff, then and there delivered said deed to the defendant for the purpose of conveying the same to the office of the clerk of the said county of Eaton, and causing the same to be there recorded ; and the defendant then and there received said deed from the plaintiff, as aforesaid, and then and there faithfully promised the plaintiff that he would procure the said deed to be recorded in the office of the clerk of said county of Eaton, as soon as might be thereafter, for the purpose of perfecting a title in the plaintiff to the lands described in said deed. Yet the defendant, with intent to deceive and defraud the plaintiff, and falsely and fraudulently to cheat and extort the said sum of ten

35

thousand dollars from and out of the plaintiff, falsely, fraudulently, and maliciously neglected to get said deed recorded in the office of the clerk of the county of Eaton, as aforesaid, but wrongfully and maliciously kept the said deed, and refused to deliver the same to the plaintiff, and thereby wrongfully and corruptly deprived the plaintiff of all benefit which he might have received from said deed, if the same had been recorded, as aforesaid, and of any title to said lots of land, described in said deed, or any part thereof; and of all remedy on the covenants in said deed contained; and hath wholly lost the said sum of ten thousand dollars. All which is to the damage of the plaintiff the sum of twenty thousand dollars, to recover which with just cost the plaintiff brings suit.

To this the defendant also demurred, setting forth as objections, in addition to those already stated, that it was not alledged that said deed had ever been demanded of the defendant, nor in what way the plaintiff was deprived of his remedy on the covenants of the deed. Also, that the second count was founded on the contract to get the deed recorded, while the *breach* was alledged to consist in not getting the deed recorded, and also in keeping the deed. Also that the breach of the contract to get the deed recorded and the retaining wrongfully the deed were distinct causes of action,—the one grounded on contract, the other on tort.

The county court rendered judgment for the plaintiff on the demurrer, to which the defendant excepted.

On the trial of the case for the assessment of damages, it appeared, that, soon after the execution of said deed, the plaintiff took possession of part of the premises described in it, and had continued in possession thereof from that time until the time of trial; and no evidence was offered by the plaintiff, that any portion of the premises had been conveyed to any other person, or that any lien, by attachment against the defendant, or otherwise, had been created, so as to affect any rights acquired by the plaintiff by virtue of the defendant's deed to him.

The defendant requested the court to charge the jury that the plaintiff was not entitled to recover in this action for the value of the land; and that, for such part thereof as the defendant had no title to, the plaintiff could only recover so far as he had been prejudiced by the want of said deed, in prosecuting the covenants there-

in contained; and that, as to such portion of the land as the defendant had title to, and of which the plaintiff had taken possession under the deed, the plaintiff was only entitled to recover for such damages as he had actually sustained, or might be reasonably expected to sustain, in consequence of the failure to record the deed, or to deliver it to the plaintiff. But the court declined so to charge the jury, but did instruct them, that, as judgment had been rendered for the plaintiff on demurrer, and his declaration alledged that he had lost the whole value of the land in consequence of the neglect of the defendant to procure the deed recorded, or to return it to the plaintiff, the plaintiff might recover what the value of the land was at the time of the execution of the deed, and interest.

Verdict for plaintiff. Exceptions by defendant.

*C. Linsley* for defendant.

This is merely assumpsit. The assumpsit is set up, and the breach is merely of the assumpsit. All the epithets give it no new character. If it is assumpsit, the declaration is insufficient, as no consideration is alledged. 1 Ch. Pl. 368—70, 131. *Thorne* v. *Deas*, 4 Johns. 84. 13 E. C. L. 171.

II. If this be treated as *case*, still it is only for neglect of a duty arising from a contract, and is not a malfeasance, or the neglect of a duty arising from law, or public office; and in such case the contract must be as particularly alledged as in assumpsit. *Max* v. *Roberts*, 12 East 89. 7 E. C. L. 345. 7 T. R. 143. *Wright* v. *Geer*, 6 Vt. 159.

III. The consequential damages are not sufficiently alledged. It is said, that, by the defendant's neglect of having the deed recorded, the plaintiff lost his land, his covenants, and his money. Now in law he could not *thereby* have lost either, and so the declaration shows no right of any recovery therefor. *Wright* v. *Geer*, 6 Vt. 151. 1 Chit. Pl. 347, 348, 385, 386, 388, 389, 361, note. 1 Saund. Pl. & Ev. 344. *Jackson* v. *Pesked*, 1 M. & S. 234. *Walcott* v. *Canfield*, 3 Conn. 194.

IV. The declaration is too loose and indefinite, in stating that the defendant had no title to some of the lots, without telling what lots. It does not state how, by the law, recording was necessary. It attempts to make this action a substitute for an action on the

covenant of seizin, without alledging it, and of the covenant of warranty, without any eviction, and of trover, without a demand and refusal, and to recover back the consideration, and still leave the deed in force, for not getting it recorded, and for not giving it up, though never requested,—and all in the same count.

V. The declaration is bad for not describing what lots plaintiff has lost by the neglect to record the deed. 2 Chit. Pl. 272.

VI. It is not in the English language.

VII. As to the damages.

1. The demurrer acknowledges nothing but what is well pleaded, and the consequential damages were not,—as already shown.

2. The matter shown by defendant should have mitigated the damages. Even in trover the return of the property could be so shown, and why not the holding the land by plaintiff.

3. It is not law that a demurrer, or a default, concedes the amount of consequential damages, unliquidated in any case of trespass, or trespass on the case,—not even in escape,—otherwise in debt. In this case the whole subject of the amount of loss was open, and the plaintiff was not entitled to recover his amount paid, and still to hold his land. Nor is it true that he should recover the $10.000, unless it is shown that that was the true sum paid, as the demurrer does not admit that fact, since the sum was an immaterial allegation in the declaration. It does not follow that such was the true value of the land, as the plaintiff may have made a poor purchase. 1 Chit. Pl. 700. 24 E. C. L. 302. *Bates* v. *Loomis*, 5 Wend. 134.

———— ———— for plaintiff.

By the demurrer all the facts set forth in the declaration are admitted. On an inspection we find that the declaration avers that, at Detroit, in the state of Michigan, on the 23d of August, 1838, the defendant, by a proper deed, duly executed, for a valuable consideration paid to the defendant by the plaintiff, sold and conveyed to the plaintiff certain lands in Michigan ; that, after the delivery of the deed from the defendant to the plaintiff, the plaintiff gave the deed to the defendant to take to the proper office to be recorded ; that the defendant received said deed, and promised to get it recorded ; but that the defendant fraudulently neglected to get said

deed recorded, and thereby deprived the plaintiff of all benefit of said deed, and of any title to said land. These facts, admitted by the demurrer, are surely sufficient to sustain the plaintiff's action.

If the declaration is sustained, then the charge of the court on the hearing in damages was correct. For, on a mere hearing in damages, evidence could not properly be admitted to contradict the facts admitted by the demurrer.

The opinion of the court was delivered by

HEBARD, J. The plaintiff alledges, in his second count, in substance, that on or about the 23d day of August, 1838, the defendant, by his warrantee deed of that date, duly executed and delivered to the plaintiff, conveyed to the plaintiff, for the consideration of ten thousand dollars, one equal undivided half of fourteen eighty acre lots in Kallamo, in the state of Michigan, and that, after the delivery of said deed to the plaintiff, the plaintiff delivered the deed to the defendant for him to carry to the county clerk's office for record, and that the defendant received the same, and faithfully promised the plaintiff that he would get it recorded. And the plaintiff then further alledges, that the defendant, with an *intent to defraud* the plaintiff and to *cheat the plaintiff* out of said ten thousand dollars, neglected to get said deed recorded, but wrongfully kept the same from the plaintiff, and refused to deliver the same to him, *and thereby deprived him of all benefit which he might have received from said deed, and of any title to said land, or any part thereof, and of all remedy on the covenants in said deed contained, and hath wholly lost the said sum of ten thousand dollars.*

To this declaration in the county court there was a demurrer, and joinder in demurrer. The county court overruled the demurrer, and the cause has come here upon exceptions to that judgment. Much has been said in argument in relation to the form of the action, and some speculation has been indulged in, to ascertain whether it is *assumpsit* or whether it is *case.* I think it might be either, without serious objection, so far as the remedy is concerned, provided there was any consideration for the promise to get the deed recorded, which is not the fact. But we, at least, think that the remedy may be sought in *case,* and that the declaration, though in many respects rather inartificially drawn, possesses, nevertheless, all the *essential elements* to constitute an action of that description.

The causes of demurrer, as specified, are of two classes. One class of objections is to the insufficient quantity of matter and facts alledged in the declaration. The other class of objections is to the uncertain manner in which the facts are stated. A general remark may apply to the last class of objections. The same degree of certainty in stating facts is not required in all cases alike, and much depends upon the object for which the fact is brought forward. When an action counts merely upon a contract, and claims damages for the breach, or for the non-fulfilment, of such contract, the precise terms of the contract become important, and must be set out. But when the contract is merely referred to as matter of inducement, and the failure to fulfil the contract is not the ground of damage, it is sufficient to allude to it in general terms.

It then becomes of little importance what fourteen lots of land the defendant conveyed to the plaintiff;—the sufficiency of that conveyance is not questioned, nor does the identity of the lots in any way become material, except when inquiring as to the amount of the damage,—and that is strictly matter *in pais.*

Another objection of this class is, that the declaration does not state how it became material to have the deed recorded in the clerk's office. Perhaps it was not *material,* and perhaps the laws of Michigan did not require deeds to be recorded in order to perfect the title. Still, for this purpose, it is enough to say that the plaintiff might choose to have it recorded. But this is not the gravamen of the complaint. The plaintiff complains that the defendant not only neglected to get the deed recorded, as he agreed to do, but that he *refused* to deliver it back to the plaintiff, and thereby deprived him of all the benefit which he might have derived from the deed, if it had been recorded. It is not the neglect to get the deed recorded of which the plaintiff complains, so much as it is the defendant's subsequent wrong act, and the *consequences* that resulted from both.

Another cause for demurrer, set down by the defendant, is, that the declaration does not state what part of the land the defendant did own. This is answered and met by other facts which the plaintiff has alledged. He complains, that, by the defendant's refusing to let him have the deed, and neglecting to put it upon record, he is deprived of the title to such lands as the defendant really owned, and as are conveyed by the deed, and is deprived of the means of prosecuting his claim upon the covenants in the deed for such of the

land as the defendant did not own,—so that the consequence to the plaintiff is the same, and the rule of damage would be the same, whether the defendant owned any of the land described in the deed, and, if any, which, or how much.

Nor was it material for the plaintiff to state in what manner he was damnified,—whether the defendant deeded the land to some other person, and thus put the title beyond the reach of the plaintiff,—or whether the creditors of the defendant interposed their claims, and appropriated the land in satisfaction of their debts,—or whether the defendant still retains the title,—if it be true, as the plaintiff has alledged, that he has been deprived of all benefit from said deed. This the plaintiff alledges, and he further alledges, that, by the means before stated, he has lost all title to the land, and all remedy on the covenants in the deed, and has lost the money that he paid for the land. This is sufficiently stated;—the damage and loss go to the whole title to the land, and of course its whole value, and it is not therefore objectionable that the allegations are in those general terms, as it is apparent from the whole declaration, that, if he recovers anything, it must be for the whole.

But there is one further objection to this declaration that I consider of more importance than the others. The question which this objection raises is, did the defendant undertake to do that, the neglecting to do which will lay the foundation for damages in this form of action? Or whether he has in fact done that, irrespective of his undertaking, that will subject him to damages in this action? The undertaking and promise of the defendant to get the deed recorded was entirely gratuitous and without consideration, and the neglect of the defendant to fulfil that promise was a *nonfeasance* merely, for which this action will not lie. So that, if the action is sustained, it must be for some *malfeasance* of the defendant, and not for mere passive neglect.

We are now to inquire of what *tortious* act, the defendant is guilty, and we shall have the answer, when we ascertain what the plaintiff has charged upon him; for the defendant by his demurrer has admitted all the facts alledged, according to their *legal effect*. The demurrer not only admits the substantive facts charged, but it also admits the *consequences* and *results* which are charged, provided such *consequences* and *results* may be fairly considered to be

the *legitimate results* of such facts. Nor is the motive, with which the act is charged to have been done, to be entirely overlooked; and if the motives, with which the acts are alledged to have been committed, are such as may be reasonably supposed to have influenced the acts, the demurrer admits, not only the acts themselves, and the legitimate results which flow from them, but it also admits the motives with which the act was done.

What, then, are the facts charged?—1st, that the plaintiff purchased of the defendant, one half of fourteen eighty acre lots, for which he paid ten thousand dollars, and that the defendant gave him a good warrantee deed of the same; 2nd, that the plaintiff delivered the deed to the defendant, for him to carry to the county clerk's office to be recorded, and that he neglected to do so, although he promised to do it; and, 3d, that he afterwards neglected and refused to deliver the deed to the plaintiff. These are the substantive facts charged, and they are admitted by the demurrer. ·

The plaintiff then alledges, as a consequence resulting from these facts, that he *thereby* was deprived of all benefit which he might have received from said deed, and of any title to the land, and of all remedy upon his covenants, and hath wholly lost his ten thousand dollars. If these are consequences that would naturally flow from those acts, then *they* are admitted. The only title that the plaintiff had to the land was by that deed. He could neither safely possess or dispose of it without the deed, and without the deed he could have no action upon the covenants for any failure of title; and therefore it may reasonably be inferred that all these consequences have followed.

The plaintiff has also alledged that the motives, by which the defendant was influenced, were corrupt, that he committed those acts with the intention of *deceiving* and ˏ *defrauding* the plaintiff, and *fraudulently* to *cheat* and *extort* the said ten thousand dollars out of him.

If the acts themselves, and the consequences that would naturally result from such acts, are not the *legitimate offspring* of˙such motives, then the defendant, by admitting the acts, does not admit the motives. If the defendant had been a stranger to the deed, and to the title to the land, the same acts would not have been ˙as expressive of the motive charged, as they may now be supposed to be.

But as the title to the land, unless by the deed it vests in the plaintiff, remains in the defendant, and, if there was a failure of title to any part of it, he screened himself from liability upon his covenants by withholding the deed, he may have a motive to defeat the plaintiff's title for his own benefit; and as this charge, as to the motives by which he was influenced, and the acts and consequences, by which the motives are evidenced, are admitted by the pleadings, they are all to be taken as true; and, all being taken together, we think enough is alledged to sustain the action.

But it is further objected, that, if this action is *case* and not *assumpsit*, it still is not the appropriate action. It may not be the *most appropriate*, and still the action be sufficient to effect the remedy. The plaintiff has set forth what he considers the *tortious* acts of the defendant, the *consequences* that have resulted from them, and the *motives* by which he was actuated, and the *damages* which the plaintiff has sustained, and the defendant admits all to be true, without putting the plaintiff to the proof. It does not, therefore, become the defendant to dictate to the plaintiff, which of his remedies he shall pursue, to recover for the wrongful acts of the defendant, for which he attempts to give no explanation, and for which he offers no excuse. Perhaps the action of trover would have been the appropriate action. Still the plaintiff could not anticipate the particular facts that might develope themselves. The deed must have been the foundation of the action, and the thing converted, and supposing, before a demand and refusal, the title to the land had passed in another direction, the value of the deed being the rule of damages, it would at least be doubtful, whether, in that case, the action of trover would afford an adequate remedy.

It may be also that a bill in chancery might have afforded an ample and equitable remedy in the case. Still I think the present action better fitted and adapted to the end of justice between the parties than either. It presents the whole subject in a free and unembarrassed state, setting forth the facts upon which the plaintiff rests his claim for damage, in a manner that gave the defendant full notice of what facts were relied upon, which he might traverse if he chose, leaving the damage to be estimated according to the equity of the case.

This disposes of all the objections to the declaration, arising out

of the sufficiency of the facts alledged, the manner of stating therein, and to the form of the action.  A further objection has been urged, on the ground that some of the dates and sums are expressed by figures instead of words.  That point was fully considered and settled in *State* v. *Hogeden*, 3 Vt. 481.

There is a single remaining objection to the charge of the court in relation to the rule of damages.  But, if our conclusion is correct in relation to the other parts of the case, there was no error in this charge.  The plaintiff has lost the whole of his land; he is therefore entitled to his pay for the whole of it, and it makes no difference that he lost a part of it in one way, and a part in another.  The two parts, put together, make the whole, and it is of no importance that they should be estimated separately.  The rule of damage for both parts would be the value of the land, and this was what he recovered under the charge of the court.

The judgment of the county court is affirmed.

REDFIELD, J., dissenting.  Not being able to view this case in the same light as my brethren, I have deemed it of sufficient importance, both in principle and in amount, to justify me in stating some of the grounds of my own views.

As to the first point I shall spend but little time.  I confine myself to the second count in the declaration, supposing, that, if either count is good, it must be that.

1. I think that count is too uncertain to be good, even upon general demurrer.  It seems to be admitted on all hands, that it is not very easy to determine whether the count is in trespass on the case, or assumpsit.  That may not be very important to the merits of the action, but, in a technical point of view, it would seem desirable to be able to determine which it is.

2. It is stated that the deed was one of warranty; but, among the almost infinite variety of that class of deeds, it is left wholly to conjecture to what particular species this deed belonged.  It might, consistently enough with the allegation, contain covenants of general, or of special warranty,—that is, either against the title of the grantor, or that of certain other persons named; or against all persons;—and in either case the covenants might be of seizin, or against incumbrances, or against the title of all persons,—one, two, or all three.

3. The undertaking of the defendant, to get the deed recorded, is not alledged to be upon any consideration, unless we are to infer one from the fact, that he received the deed of the plaintiff; and this is in no sense by the pleader *relied* upon *as a consideration.* That a consideration is necessary, in order to make a mere refusal to execute the trust a ground of action, is now, I apprehend, well settled, notwithstanding the contrary is asserted in Jones on Bailments. *Elsee* v. *Gatward,* 5 T. R. 143. *Thorne* v. *Deas,* 4 Johns. 84. In this latter case the whole law bearing upon the subject is brought together, and fully digested,—and it is clearly shown that it never was the English common law, that one was liable for mere nonfeasance, upon a gratuitous undertaking. The Roman civil law was otherwise. But it must be confessed, that, if one enter upon a mere gratuitous undertaking, and *then* neglect it, he *is* liable as for a *fraud,* or gross neglect, which is, in such case, esteemed equivalent to fraud. *Rutgers* v. *Lucet,* 2 Johns. Cas. 92. For aught that appears in this count, the refusal to procure the deed recorded might have been upon the instant of receiving the deed, and it might have been a peremptory refusal ever to get it recorded, —or to give it up to the plaintiff for that purpose,—and in such case there would be no fraud ; the most that could be made of it is a conversion of the deed.

4. But, fourthly, it seems impossible to make any just inference from the declaration, how the plaintiff lost the title to his land in consequence of the deed not being put upon record. I take it for granted, that, in pleading, it is not sufficient for the plaintiff to alledge a state of facts, which might, by possibility, result in loss, or damage, to him,—and then simply jump at the conclusion that he suffered damage ; but he must state all the facts, by which the court can see that the damage resulted legitimately from the defendant's act. And, for myself, I do not comprehend how the loss of the land could result from the single act of refusal to put the deed upon record. If the title were in the defendant at the time of executing the deed, it would vest in the plaintiff upon the delivery of the deed ; which, indeed, is substantially alledged in the declaration. This, then, being the case, it could not be divested, unless the defendant made a subsequent conveyance to some one ignorant of the first conveyance, and who first recorded his deed. And can it be pre-

tended that *all this* is to be *intended* by the court ? To do this would, in my apprehension, be disregarding the entire doctrine and science of special pleading, and reducing the matter, at once, to the simplicity of the ancient forms of pleading *ore tenus.* I will not attempt to state other cases, which, to my mind, seem parallel instances of the same, or a similar degree of looseness in declaring with the present, lest I might seem to treat the solemn determinations of this court with unbecoming levity,—which, I trust, I do not feel disposed to do,—but will content myself with adding, that, as no such case as the present ever has occurred, I cannot sustain my argument by reference to authority. So, as it is probable no such such case will occur again, therefore the determination upon this point is of little practical importance.

II. The other point involved is of more importance, as matter of practice. The plaintiff, in the assessment of damages, was allowed to recover the whole sum of ten thousand dollars, on the ground that judgment had gone against him upon demurrer, and in the declaration the plaintiff had alledged that "he had lost all title to the land, and all benefit from the deed." This is a different rule from any I had ever known before. In actions of tort, and, indeed, in all actions where the allegations are general, as they always are in *tort*, I had supposed that a default, or demurrer, only admitted that which it was necessary to prove in order to recover upon the general issue;—indeed, I think this will be found the true rule in all cases. Hence, if the declaration be upon a written contract, the entire contract is admitted, because it is necessary to prove the entire contract in order to recover upon the general issue ; else there would be a fatal variance. In accordance with this general rule we find the cases. A bill or promissory note, sued, and judgment having passed on demurrer, or by default, in executing a writ of inquiry, need not be proved, for that is admitted by the judgment ; but it must be produced, in order to show that indorsements have not been made. *Marshall v. Griffin,* 21 E. C. L. 377. *Green v. Hearne,* 3 T. R. 301. 3 Wils. 155. 1 B. & P. 368. In the latter case it is said, that, in executing a writ of inquiry, it is not competent for the defendant to contradict any thing but the amount of the demand.

In *Green v. Hearne*, it is said, by BULLER, J., " When a defend-

ant suffers judgment to go by default, he admits the cause of action; and thus far an action for money had received and an action upon a bill are alike; but beyond that there is no similarity. For, in the former case, the defendant only admits something to be due, and, as the demand is uncertain, the plaintiff must prove the debt before the jury." I have examined the following cases among others upon this subject, .and find them all sustaining the proposition of Mr. Justice Buller. *Thellusson* v. *Fletcher*, Doug. 314. *Holdipp* v. *Otway*, 2 Saund. 106, and notes. *Hewit* v. *Mantell*, 2 Wils. 374. *Shepherd* v. *Charter*, 4 T. R. 275. *Berthen* v. *Street*, 8 T. R. 326. *Nelson* v. *Sheridan*, 8 T. R. 395. *Moody* v. *Pheasant*, 2 B. & P. 446. *Tripp* v. *Thomas*, 10 E. C. L. 139. In this last case it is said the plaintiff may be entitled to such general damages, as will necessarily result from the facts alledged in the declaration, without introducing proof on his part,—and that must reduce it much to the same footing as the rule laid down by Justice Buller.

There are numerous American cases bearing upon the same subject, which fully sustain the above propositions, so far as I have had opportunity to examine them. *Livingston* v. *Livingston's Ex'rs*, 3 Johns. 252. *Foster* v. *Smith*, 10 Wend. 377. *Bates* v. *Loomis*, 5 Wend. 134. *Kerker* v. *Carter*, 1 Hill 101. From all which I infer the universal practice is for the plaintiff, in all open actions, in assessing damages, to begin by showing the nature and extent of the injury; the defendant may then show any matter, in reduction of damages, which would not be good in bar of the cause of action;—and the plaintiff has the open and close in argument. And, unless this be the rule of procedure, I do not well see how the assessment of damages by the jury is of any importance. Hence, in the present case, I think the plaintiff only entitled to nominal damages in the first instance; and that it was competent for the defendant, at all events, to show that he had only suffered such damages. For, in order to make out that the plaintiff was entitled to such damages as he recovered in this action, we must first admit that it is sufficiently alledged in the declaration that the defendant conspired with some one to take a deed of the land, or in some way induced him to take a deed, and first put it on record;—and that this person either was ignorant of the plaintiff's title, or else there was no proof of his knowledge; and that this person had actually recovered the whole

land; and, finally, that the judgment on demurrer is *conclusive of all these points.* Neither of which propositions can be made out, as I have attempted to show.

Since the decision of the present case, the forty second volume of the English common law reports has come to hand, where I find this whole subject reviewed, by the court of King's Bench, in the case of *Cooper* v. *Blick et al.,* pp. 975, 980. That was a case of money paid into court, in an action of assumpsit in favor of one as editor of a newspaper, for two years salary, *at the rate of* 400 *pounds per annum.* The defendant pleaded, bringing £37, 10s, into court, and denying damages beyond that amount. According to the English practice paying money into court has the same effect, in admitting the declaration, as a demurrer, or default. This is admitted in the argument of counsel, on both sides. Lord Denman, in delivering the opinion of the court, puts the case precisely on that ground, and says, as the amount of the salary is laid under a *videlicit,* the paying money into court does not admit the amount, as laid, and concludes in these words, "We should act on this principle, if a plaintiff declared for rent, under a lease, laying the amount under a *videlicit, and judgment were suffered by default;* if the rent appeared in evidence to be *less* than was *alledged,* the plaintiff would recover *only the amount proved to be due.* It would be mischievous to introduce any doubt on the point raised here."

I have noticed, too, in some of the late volumes of the English Com. Law Reports, an express rule of practice adopted by all the judges that, in all cases of open damages, where the defendant only pleaded in bar, and not the general issue, the plaintiff was allowed the close in argument to the jury,—on the ground that, even in that state of pleading, he must go forward with proof of his damages, or be content with nominal damages. *Carter* v. *Jones,* 25 E. C. L. 283. *Reeve* v. *Underhill,* Ib. 644.*

From these two determinations, I think it must be obvious what

---

* Note by REDFIELD, J. This latter case does not extend the rule to such a case as the present, but expressly decides that *proof is* necessary to go to the jury in assessing damages in cases of covenant, where the defendant pleads only in bar, and the bar is found against him; which is bringing the case to that of a demurrer simply, or judgment by default. See also *Lewis* v. *Wells,* 32 E. C. L. 497; 1 Stark. Ev. 427, 428, and notes.

the sense of the profession in Westminster Hall, at present, is. In the case of *Cooper* v. *Blick*, Mr. Justice Littledale puts the subject of these admissions, in pleading, upon the true ground. " The true test is," says the learned Judge, " whether, if *non assumpsit* had been pleaded, the plaintiff would have been bound *to prove the amount as laid.* The payment [of money into court, a default, demurrer, or judgment by *nil dicit*,] admits a contract, *but only to that extent, to which the plaintiff is bound to prove it.* The admission cannot tie the defendant, where the plaintiff would be loose." To apply this reasoning to this case, it must be clear, I think, that, without substantive evidence of the loss of the land, beyond what was admitted by the demurrer, the plaintiff was only entitled to recover nominal damages.