## SUPREME COURT.

### WILLIAM GILBERT agt. JOSEPH ROUNDS.

*Circumstances* of *aggravation* in actions of *assault and battery* never were traversable. A defendant did not admit such matters by not pleading to the declaration prior to the Code.

The Code, (§§ 164, 165,) which expressly permits the defendant to allege, in his answer, any mitigating circumstances, to reduce the amount of damages in actions of slander and libel, and the decisions under it, upon that question, are inapplicable to actions for assault and battery.

An answer, that only controverts the allegations of the complaint, is *frivolous* if it does not put in issue some allegation which the plaintiff must establish, to entitle him to a *verdict.*

Statements of new matter, in an answer to an action for assault and battery, which consist entirely of circumstances of aggravation, do not constitute a *defence* to the action, nor a *counter-claim.*

A *counter-claim* need not be sufficient to defeat the whole of the cause of action against which it is interposed; but any other defence consisting of new matter, except in actions for libel and slander, must be an answer to the entire cause of action to which it is set up.

If a defendant suffers a default, or omits to answer the complaint, it is a confession *only* of the material allegations in the complaint, which must be estab-

lished to entitle the plaintiff to a judgment. His default only admits the material and traversable matters set out in the complaint.

A default of a defendant, for not answering in an action for an assault and battery, entitles the plaintiff to a judgment for *only nominal damages*. If he claims more damages, he must prove the facts that will entitle him to recover them.

And in such case the defendant may call witnesses on the assessment of the plaintiff's damages, whether they shall be assessed by a sheriff's jury, upon a writ of inquiry or otherwise, to prove all proper mitigating circumstances. (*See to the same effect Lane* agt. *Gilbert*, 9 *How. Pr. R.* 150; *and Saltus* agt. *Kipp*, 12 *id.* 342.)

*Broome General Term, Jan.*, 1857.

*Present,* GRAY, MASON *and* BALCOM, *Justices.*

THE complaint contains these allegations, to wit :—

" That the defendant, on the third day of July, 1856, at Oxford, with force and arms, assaulted the plaintiff; and then and there, with great force and violence, seized and laid hold of the plaintiff; and then and there plucked, pulled and tore divers large quantities of hair from and off the head of the plaintiff; and then and there, with his fists, gave and struck the plaintiff divers violent blows, and strokes, on and about his head, face and breast, and divers other parts of his body : and also then and there, with great force and violence, shook and pulled about the plaintiff, and cast and threw the plaintiff down to and upon the ground ; and then and there violently kicked the plaintiff, and gave and struck him a great many other blows and strokes. By means of which several premises the plaintiff was then greatly hurt, bruised and wounded, and became and was sick, sore, lame, and disordered, to the great damage and injury of the plaintiff."

The complaint contains a demand for a judgment against the defendant for five hundred dollars damages, besides costs : and it is duly verified.

The defendant's answer is, that he " denies that, at the time and place stated in the complaint, or at any other time and place, he ever plucked, pulled and tore divers large quantities of hair from and off the head of the plaintiff; or that he then and there, or at any other time, ever, with his fists, gave and

Gilbert agt. Rounds.

struck the plaintiff divers violent blows and strokes upon any part of his person; or that he ever struck the plaintiff at all; or that he ever kicked the plaintiff at the time and place mentioned in the complaint, or at any other time or place."

But the defendant states the truth to be, that on the 3d day of July, 1856, the children of the defendant—one son about twelve years of age, and two sons and one daughter, younger than his said son—were attending school at some little distance from the residence of the defendant, in a quiet and peaceable manner; that while attending said school, and going to and returning from the same, from and to the residence of the defendant, the plaintiff, on the 3d day of July, 1856, at Oxford, violently, and with force and arms, assaulted the said four infant children of the defendant, and made divers and sundry violent and harsh threats, at the said children of the defendant; and swore at them; and followed the said children in and along the road to and from said school, and into said school-house, with a horsewhip, threatening to beat them, and striking with said whip at one or more of said children, all of which said treatment to, and acts and doings of the plaintiff, towards the said children the defendant was informed of on the said 3d day of July, and then believed, and now believes, the same to be true. And that on the said 3d day of July, the plaintiff, while so treating and abusing the said children as aforesaid, as the defendant was informed, and then believed, and now believes to be true, threatened the defendant, and said he would treat and abuse the defendant in the same manner as he had and did the said children, or words to that effect; and sent word to the defendant that he would do so; and for this defendant to come and see him. That the defendant went to see the plaintiff on the said 3d day of July, to learn the reasons of the plaintiff's treatment to and towards the said children of the defendant; and that the plaintiff then and there threatened the defendant, and used abusive and insulting language to him; and then and there threatened his said children; and that he would continue to abuse and maltreat the said children of the defendant; and this defendant admits that, after all this, being exasperated, he

Gilbert agt. Rounds.

did 'take hold of the plaintiff, on the said 3d day of July, and shook him some, and pushed him over on the ground; which he was provoked and exasperated to do by the plaintiff, for the reasons aforesaid."

The answer contains a demand for a judgment for costs of the action against the plaintiff: and it is duly verified. The plaintiff moved, at a special term in Chenango county, in August, 1856, to strike out of the answer all after the denial contained in the answer, as irrelevant, redundant and frivolous; or that judgment be rendered for the plaintiff; or for such other rule, order, relief, or judgment as to the court might seem meet; and for costs of the motion. And upon such motion the court made an order, that the plaintiff have judgment in the action, on account of the frivolousness of the answer.

The defendant has appealed from this order to the general term.

R. J. BALDWIN, *for plaintiff*.
GLOVER & VAN DERLYN, *for defendant*.

By the court—BALCOM, Justice. The statement of facts, in the complaint, constitutes but one cause of action. If the action could be tried upon the complaint and answer, the plaintiff would be entitled to a verdict for nominal damages, without making any proof whatever; and the defendant could not deprive him of such a verdict by proving all the allegations contained in his answer.

The statement in the complaint, that the defendant, on the 3d day of July, 1856, at Oxford, with force and violence, assaulted the plaintiff, and seized and laid hold of the plaintiff, is not denied or avoided by any allegations in the answer. The denials and statements of new matter, in the answer, merely controvert the aggravating circumstances that the complaint shows attended the commission of the assault and battery, which is therein charged against the defendant. Circumstances of aggravation, in actions for assaults and batteries, never were traversable. (*Bates* agt. *Loomis*, 5 *Wend.* 134.) A

Vol. XIV.                                4

defendant did not admit such matters by not pleading to the declaration, prior to the Code. (5 *Wend.* 134; *Gra. Pr. 2d, ed.* 798, &c.)

Is the answer frivolous? If the case of *Lane* agt. *Gilbert* (9 *How. Pr. R.* 150) is to be followed, it is clearly frivolous. The defendant's counsel insist that an answer in an action for an assault and battery, may contain new matter, that goes only in mitigation of the plaintiff's damages. They rely upon *Stiles* agt. *Comstock,* (9 *How. Pr. R.* 48,) *Heaton* agt. *Wright,* (10 *id.* 79,) and *Herr* agt. *Bamberg,* (*id.* 128,) to establish this position. They were all actions for slander, in which the Code expressly permits the defendant to allege, in his answer, any mitigating circumstances, to reduce the amount of damages. (*Code,* §§ 164, 165.) These decisions are therefore inapplicable to the case at bar.

A frivolous answer has been defined to be, one which, if true, does not contain any defence to *any part* of the plaintiff's cause of action. (*Nichols* agt. *Jones,* 6 *How. Pr. R.* 355; *Leach* agt. *Boynton,* 3 *Abbott's Rep.* 1.) An answer that merely controverts allegations of the complaint is frivolous, *unless* it contains a denial of some *material* allegation of the complaint. (*Temple* agt. *Murray,* 6 *How. Pr. R.* 329; *Hull* agt. *Smith,* 8 *id.* 149; *Edson* agt. *Dillaye, id.* 273; *Lane* agt. *Gilbert,* 9 *id.* 150; 10 *id.* 457.) An answer that only controverts the allegations of the complaint, is frivolous, if it does not put in issue some allegation, which the plaintiff must establish, to entitle him to a verdict. The answer in this action, so far as it contains denials only, fails to do this, and is therefore frivolous. (5 *Wend.* 134.)

The statements of new matter in the answer, do not constitute a defence to the action, or a counter-claim. (*Code,* § 150; 12 *How. Prac. Rep.* 310 . *Kneedler* agt. *Sternburgh,* 10 *id.* 67; *Drake* agt. *Cockcroft, id.* 382; 7 *id.* 123, 294, 303.) A counter-claim need not be sufficient to defeat the whole of the cause of action against which it is interposed; but any other defence, consisting of new matter, except in actions for libel and slander, must be an answer to the entire cause of action, to which it is set up. (10 *How. Pr. R.* 68.) The answer is frivolous,

within these rules, so far as it sets up new matter as a defence to the action.

A defendant, by suffering a default, or by omitting to deny the allegations of the complaint, only admits the truth of such allegations in the complaint as the plaintiff would be obliged to prove, in order to recover upon an issue formed by a general denial of each and every allegation in the complaint. His default only admits the material and traversable matters set out in the complaint. (5 *Wend.* 134.) In other words, the omission of the defendant to answer is a confession *only* of the material allegations in the complaint, which must be established to entitle the plaintiff to a judgment. (*Code*, § 168; *Fry* agt. *Bennett*, 5 *Sand.* 54; *Newman* agt. *Otto*, 4 *Sand.* 668; *Harlow* agt. *Hamilton*, 6 *How. Pr. R.* 475.) The decision in *The Mayor of Albany* agt. *Cunliff*, (2 *Com.* 170, 171,) does not conflict with these views.

A default of a defendant, for not answering, in an action for an assault and battery, entitles the plaintiff to a judgment, for *only nominal damages.* (*Bates* agt. *Loomis*, 5 *Wend.* 134; *Gra. Pr. 2d ed.* 797–799.) If he claims more damages, he must prove the facts that will entitle him to recover them.

When a party suffers an inquest to be taken against him at the circuit, there is authority for saying that he thereby loses the right to produce testimony and examine witnesses *on his part*, and is restricted to the right of cross-examining the plaintiff's witnesses. (*Green* agt. *Willis*, 1 *Wend.* 78; *Gra. Pr. 2d ed.* 292, 293.) But I am unable to find any authority that thus restricts the defendant's rights, on the assessment of damages, either at the circuit or before a sheriff's jury, when judgment goes against him by default for not answering the complaint; (*see Foster* agt. *Smith*, 10 *Wend.* 377; 5 *id.* 563; 1 *Hill*, 101; *Gra. Pr. 2d ed.* 798, 799;) and I think there is no such authority.

In *Saltus* agt. *Kipp*, (12 *How. Pr. R.* 342,) which was an action for an assault and battery, BOSWORTH, Justice, says,— "*A defendant may call witnesses*, on the assessment of damages, upon a writ of inquiry, and prove any matter which prop-

erly goes to mitigate damages." The case of *Lane* agt. *Gilbert* holds the same principle. The defendant in this action may call witnesses, on the assessment of the plantiff's damages, whether they shall be assessed by a sheriff's jury, upon a writ of inquiry, or otherwise, to prove all proper mitigating facts and circumstances connected with the commission of the assault and battery upon the plaintiff. Hence there is no necessity for answering the complaint in the action. The defendant loses no right by being shut out from so doing; but he saves, by reason thereof, the costs of a trial at the circuit, with all its attending perplexities.

The order that the plaintiff have judgment in the action for the frivolousness of the answer, should be affirmed, with ten dollars costs.

*Decision accordingly.*