Ellsworth, J.
We will dispose of the minor questions presented by the record, and then consider the one which has chiefly occupied the attention of counsel.
The defendants have demurred to the declaration - as insufficient-on -its face. They say, in the first place, that there is duplicity in each of the first two counts, there being, as they claim, distinct injuries alleged in each, one to the person of the plaintiff and one-to-his tool chest. I think there is nothing in this objection, for, in the first place, duplicity in pleading is reached *71 only by special demurrer, and the demurrer is a general one in relation to this point. In the next place, the injury to the tool chest is not the gist of the action, as will be more fully shown hereafter. And lastly, it is of no practical importance in the result, as twenty-five cents damages only are given on tjjose counts, and the plaintiff recovers full costs on the remaining counts.
Nor is there more force in the next objection, that the counts are misjoined, as trespass and trespass on the case. All are in case, in our view, for the same thing in substance and in form, though there is a good deal of historical matter which might as well have been omitted. If it be stricken out, the real cause or gist of the action will appear to be case and nothing else. But, were it otherwise, were the injuries stated immediate and the very gist of the action, the result would be the same, as they were effected by an agent and not by the defendants themselves.
What then is the exact technical ground of the action ? It is, as most correctly stated in the fourth count of the declaration, *an injury caused by the negligence and- [ *87 ] nonfeasance of the defendants. It is alleged in this count that the defendants, being the proprietors of a certain railroad ' running from New Haven to Berlin and Middletown, and common carriers of passengers thereon, received the plaintiff into one of their cars, to carry him from New Haven to Middletown with safety and care, but that they failed to do it, and the persons in charge of the train so misconducted, that by reason of their negligence, carelessness and misconduct, the plaintiff was not only not carried as agreed, but was injured in his person— what is said about specific injuries being evidence of the defendants’ default and omission, rather than of positive malfeasance, as the technical ground of the action. The specification of the injuries was necessary only to let in the proof on the trial, as they were not the necessary consequence of the breach of duty, and therefore not admissible except as thus alleged. What is said about the ticket, and the scuffle with the conductor, and the injury to the plaintiff’s knee, is important only in this point of view. But if I am wrong in this, and the ground of action is positive misfeasance rather than nonfeasance, the great question between the parties—to wit, the effect of a demurrer to the declaration—remains the same.
After judgment against the defendants on the demurrer, the plaintiff proceeded to adduce evidence of his injury on a hearing in damages, when the court found and assessed the damages conditionally, with reference to the view which this court should take of *72 the case ; in one view of the case at $3,500 ; in another at $1,500 ; in another at $1000 ; and in still another at $100 ; the last sum being fixed as substantially nominal damages. A majority of the court thinking this last sum to be the correct one, I shall, without further remark, consider'the reasons for this opinion, which will show the views the majority entertain of the nature and consequences of a demurrer, in pleading.
The case has been twice argued before us, and has been regarded as presenting some new and difficult questions of law; But, with much respect for the opinions of others, we j- *gg j *f]o not after all discover either novelty or difficulty in the case. It presents nothing unusual, and, we feel quite confident, depends upo?} doctrines of the law and practices of the courts, universally established and of much antiquity, and which must commend themselves to the judgment of every one.
From the finding of the superior court, although it is unnecessarily' lengthy and complicated, bringing up, as it does, well nigh the whole case, fact as well as law, we can discover the main question in dispute, and in order to make an end of this protracted controversy, we will pass over the formal objections to the motion, and direct our attention to the principal question thus presented, deciding it in accordance with what we understand to be the law as laid down in the books.
It appears from the motion, that if the court could hut consider all the testimony which had been received, (and without objection,) touching the character, cause and extent of the plaintiff’s injuries, for which he brought suit, the plaintiff, in the opinion of the court, would be entitled to recover nominal damages and nothing more ; or, in other words, that upon the entire proof he did not appear to have made out a substantial cause of action against the defendants, for their- not carrying him safely and carefully from New Haven to Middletown. But if the demurrer was to be held to exclude certain material parts of the evidence from the consideration of the court because the contrary was conclusively admitted by the demurrer, then the defendants were liable for substantial damages, to be fixed by a consideration of other . and distinct facts. This is the language of the courtA'ncli if the operation of the demurrer, is such that the defendants can be permitted to show that the resistance of the plaintiff essentially contributed to the original injury, and also the other facts which were shown, and the court should be of opinion, upon the facts so shown, that such resistance was unjustifiable, and should reduce the damages to substantially *73 nominal damages, then I find for the plaintiff to recover, and I assess the damages at >$100.”
We all of us agree, that, under the circumstances, the plaintiff’s resistance, after the conductor had in vain several *times demanded his ticket, according to the gen- [ *89 ] eral and proper usage of the company, was inexcusable and unjustifiable ; and that if all the circumstances can be taken into account, the defendants’ servants are to be regarded as having done no more, in attempting to remove the plaintiff from the car,'than they had a right to do. But it is claimed on the part of the plaintiff, that, after the demurrer, the character, causes and circumstances of the injuries complained of are not fully open to inquiry. To this point then I will direct mv attention, referring in the first place, however, to the case of Hibbard v. The New York and Erie Railroad Company, 15 New York, 455, where will be found a most elaborate and able discussion and decision with regard to the right of a conductor of a railroad train to put out of the car contumacious passengers who will not conform to the rules of the company. The doctrine there is carried further than is necessary for this case, but whether too far we need not say, though the reasons assigned in the opinion drawn up by Denio, J., seem entitled to great weight.
Let us consider then the main question of the case, the nature and consequences of a demurrer to the declaration in case or trespass, or in torts generally. We will then endeavor to apply the doctrine to the case on trial.
It cannot be necessary to multiply very greatly authorities on this point, since, properly understood, they are all one way— both those read by the defendants’ counsel and those cited on the other side—with one exception, .in the case of the latter, which will be noticed in its place.
Gould, in his treatise on Pleading, p. 46, sec. 43, says, “ A demurrer to the declaration is not classed among pleas to the action, not only because it may be taken as well to any other part of the pleadings as to the declaration, but also because it neither affirms nor denies any matter of fact, and is not therefore regarded as strictly a plea of any class, but rather an excuse for not pleading.” So on page 460, “ To demur is to rest or pause.” And again, “A demurrer merely advances a legal prop-position—it forms an issue in *law; admitting the facts, so [ *90 ] far as well pleaded, for the purpose of taking the opinion of the court preliminarily, its language is, allowing all that is alleged to be true, there is not any thing that calls for an answer, plea or defense.” If this is indeed true of the declaration or of a *74 plea, then it is advisable, all will admit, that the question of law be settled in the first instance, for thereby a protracted and expensive trial of fact may be avoided, even though in many cases relief may be had by motion in arrest or motion in error. The admission by demurrer is never, I am confident, a rule of evidence ; nor is it so considered or treated, beyond this, that it necessarily follows from a judgment on the demurrer that there is a cause or some cause of action, but precisely what, and of how great extent, does hot appear; and without additional proof the plaintiff will recover or.ly nominal damages. The rule is modified in actions on notes, bills of exchange, and the like, but even here the amount due is not conceded by the demurrer, but the note or bill must be produced, that the real debt may appear, while the execution of the instrument is not denied. But in actions of trespass, trespass on the case, and kindred open actions, nothing is admitted beyond a cause or some cause of action, and if particular damages are not proved after judgment on demurrer, default or nil dicit, the plaintiff never takes more than nominal damages.
Archbold, in his treatise on Practice, (vol. 2, p. 10.) says, “Judgment upon demurrer is interlocutory or final in tbe same manner and in the same cases as judgment by default is interlocutory in assumpsit, covenant, tresspass, case, and replevin, where the sole object of the action is damages ; while in debt and ejectment, damages not being the principal object of the action, and those usually recoverable not being of sufficient consequence to warrant the expense of executing a writ of inquiry, the plaintiff usually signs final judgment in the first instance.” So on page 31; “A writ of inquiry is a judicial writ directed to the sheriff, stating the former proceedings, and then saying, ‘ because it is unknown what damages the plaintiff hath [ *91 ] sustained, you are commanded, by the *oath of twelve honest and lawful men of your county, diligently to inquire after the.same, and return the inquisition into court.’ ”
As the inquest is merely to inform the conscience of the court, the court may itself inquire and assess the damages, as is always done in this state. Bruce v. Rawlins, 3 Wils., 61, 62. Hewett v. Mantell, 2 Wils., 372, 374. Gould v. Hammersly, 4 Taunt., 148. 1 Doug., 216, note. In actions on bills and notes, the inquiry is often referred to a. master or prothonotary. 2 Saund., 107, note. Napier v. Shneider, 12 East., 420. Gould v. Hammersly, supra. But when the computation of damages is not a mere calculation, the court will not refer it to the master or prothonotary, but the plaintiff must proceed regularly with his writ of inquiry. When some difficult point of law is likely to *75 arise in the course of 'the inquiry, or where the facts are important, the court will let the writ of inquiry be executed before the' chief justice or a judge of assize. 1 Sellon’s Prac., 344. Arch-bold again says, (p. 38,) “ In trespass or any other action where the damage actually sustained by the plaintiff; is the measure of daniages to be given by the jury, if the plaintiff do not prove the nature of the injury and the amount of the damages sustained by him, the jury always give nominal damages only.”
Like views are to be found in 3 Chitty’s General Practice, 672 ; 3 Blackstone’s Commentaries, title “ demurrer,” 1 Chitty’s Pleading, 654; Bingham on Judgments, 2, 36; Saunders’ Pleading and Evidence, 953, and 3 Stephen’s Commentaries, 639. The same doctrine is laid down in our own decisions. In the case of Sturges v. Bush, (5 Day, 452,) which was an action of account for certain enumerated articles, the plaintiff was held bound to prove before the auditors every article for which he sought damages, though the plaintiff insisted that they had all been admitted and found to have been received by the defendant to account for. The same was held in the case of Lacon v. Davenport, 16 Conn., 331. In the case of Parker v. Hotchkiss, 25 Conn., 321, it was held that a judgment between the same parties in a former case, was evidence only of what it was necessary for *the party prevailing to prove in that case, [ *92 ] not of what was alleged or might have been proved. A similar doctrine is expressed in the case of Curtis v. Chapin, 23 Conn., 399. In Pease v. Phelps, 10 Conn., 62, the court say, “A demurrer presents only an issue in law to the court for consideration ; the jury have no concern with it; and although it is a rule of pleading that a demurrer admits facts well pleaded for the sole purpose of determining their legal sufficiency, yet as a rule of evidence it was never supposed that a demurrer admitted any thing.” The same was held in Tompkins v. Ashby, (1 Mood. & Mal., 32,) in which the marginal note is, “A demurrer or plea to a bill in equity does not admit the facts charged in it, so as to be evidence against the defendant, if those facts arise in a future action between the same parties.” Abbott, Ch. J., remarked in that case, that it was nothing more than saying that, if the facts be so, the defendant is not bound to answer. In Montgomery v. Richardson, 5 Car. & Payne, 247, it was< decided that- facts demurred to in one plea can not be used as evidence on another plea. In Bates v. Loomis, 5 Wend., 134, it was held that in an action for an assault and battery, if the defendant does not plead but suffers a default, such default admits an assault and battery, but it does not admit one on any particular day, as on the day laid in the declaration, nor does it admit *76 any circumstances laid in the declaration by way of aggravation ; and without proof in such case that the injury complained of was committed by the defendant, the plaintiff is entitled to only nominal damages.
The plaintiff’s counsel read a decision of the supreme court of Vermont, (Hyde v. Moffat, 16 Verm., 271,) in which a majority of that court seem to have held, that in the assessment of damages in .an action of tort, the demurrer, as a rule of evidence, is held to admit all the facts pleaded and the inferences to be drawn from them. Redfield, J., the present chief justice of the court, dissented. He says, “ This is a different rule from any I have known before. In actions of tort, and indeed in all actions where the allegations are general, as they al- [ *98 ] way's are in tort, I had supposed that a default *or demurrer only admitted that which it was necessary to prove in order to recover on the general issue. Indeed I think this will be found the true rule in all cases. Hence, if the declaration be upon a written contract, the entire contract is admitted, because it is necessary to prove the entire contract in order to recover upon the general issue, else there would be a fatal variance.” This opinion is in harmony with the entire current of authority both in this country' and in England, and very little weight can be given to the opinion of the majority of the court, as the samé court, in the later case of Webb v. Webb, reported in the same volume, page 636, adopted the views of Judge Redfield as correct. So an earlier case in the same book, Collins v. Smith, page 9, seems to be irreconcilable with the opinion of the majority in that of Hyde v. Moffat.
The claim of the plaintiff’s counsel, unless we misapprehend them, is that a demurrer admits the truth of the entire declaration for every purpose throughout the progress of the case, or that every allegation which could have been proved for any purpose to tbe jury, whether it be a part of the gist of the action or not, is to be assumed to be absolutely true, because the jury might have found it to be true, had they been allowed to pass upon' it. This can not be the correct rule, upon their own authorities, and it is abundantly disproved by every book of practice in the language. If however this is not their view, and they mean only that such facts are admitted as are essential to a recovery, then there is no important difference between them and the gentlemen on the other side, and the question becomes simply one as to the proper application of a principle of law long recognized and well established.
We will state a case or two to show how erroneous is the view that a demuri er is a rule of evidence. A person is sued in tres *77 pass for entering another’s house and carrying off articles, of. household furniture. The plaintiff can recover, on the general issue, by proving an entry only; or, passing by the entry, as in the case of Holley v. Brown, (14 Conn., 255,) and treating the tort as only a trespass to personal property, he can ^recover if he proves that the defendant took away a [ *94 3 single article only ; and if, instead of going to the jury, the defendant had demurred or suffered a default,'neither one of these acts specifically would be proved by the judgment, any more than it would be by a verdict had the defendant gone to the jury ; and it will not be pretended.that this would have been the consequence of a verdict, for neither separate act was indispensable to a recovery bv the plaintiff. Again, a person is sued for an assault and battery, the pleader alleging divers special injuries, to his dress, his person, his health, &c. The plaintiff can recover upon proving only that the defendant laid his hand violently upon him. Hence we insist that a demurrer or default proves nothing more than this ; nor even this as a specific act; and nothing but nominal damages will be given unless there be further proof. The same is true where there are distinct counts in the same declaration. A demurrer in that case admits only a single cause of action, so that on a motion in arrest one good count is enough, and one tortious act in that one count is enough.
On the next point, the application of the law as we have above stated it, there is, in our judgment, no difficulty whatever ; and nothing would be more extraordinary than, on such a general open declaration as this, for the court to overlook and reject evidence already received, conducing to show the cause, occasion or extent of any supposed injuries sued for. We say it would be an extraordinary spectacle—a court overlooking and disregarding material and decisive proof, upon the idea that a demurrer blinds the eyes of the judge to whatever is beneficial to the defendants. Why, on a hearing in damages even, that which might have availed as a complete defence, had it been so pleaded, may be brought in to reduce the damages—as the payment of a,n account, or a discharge and release, is evidence before auditors in an action of account, to prove that there is nothing in arrear. In the case of Williams v. Miner, (18 Conn., 464,) this court held that evidence tending to prove the truth of the slanderous words might be admitted to affect the question of damages, although a plea in bar might have been put in. In this case, *page 478, Oh. J. Church says, “ We are not sat- [ *95 ] isfied that a defendant should be deprived of the beneefit of mitigating circumstances for no better reason than that *78 they conduce to prove the truth of the charge. The same general doctrine is held in- Hyde v. Moffat, above cited. Besides, for ought that appears, the plaintiff was willing that all this evidence should come in. He certainly did not object to it until afterwards, and perhaps the material parts of it came from his own lips in his testimony in chief or on his cross examination. And so too he need not have gone into the transaction at all, if he had confidence in the consequences of the demurrer; and we think he would not, but would have remained silent, if he had not believed and was not instructed by counsel, that the burthen of proof lay on him if he expected to recover substantial damages. And certainly, whatever the plaintiff might attempt to prove to aggravate the damages he sought to recover, the defendant may meet with counter proof, and so confine him to his mere nominal damages.
I have already said, that the most correct view of this declaration is, that the defendants are sued as common carriers, for a breach of duty in not carrying the plaintiff safely and carefully to Middletown. If this be so, if negligence and omission are the gist of the action, and all that is said about the ticket and the scuffle and the special injuries sustained by the plaintiff are collateral to the issue and need not be proved to enable the plaintiff to recover, then they are not admitted, any of them, by the' demurrer, and there is nothing left for further controversy between the parties.
Following out this view7 of the declaration, I inquire, what are we to understand as admitted in this case by the demurrer ? In my judgment, nothing but that the defendants were common carriers on the road in question, and received the plaintiff into one of their cars to carry him wdth care and safety from New .Haven to Middletowm, and have failed to do it as agreed. This gives a complete cause of action. Strike this out of the declaration, and it is by no means certain that there is enough left to enable the plaintiff to recover; but with this in, and [ *96 ] the rest stricken out, there is enough *left for a good cause of action. The wrongful acts specified go only to the manner and special consequences of the defendants’ default.
But, if we are wrong in our view7, if the action is founded in misfeasance rather nonfeasance, and the gist -of the action is the positive acts of the defendants? agents, the result, will not be essentially different; for then only one of these acts needs to be proved on the general issue—the tearing the plaintiff’s coat— the putting the hand violently upon his person—-the raising him from the seat—or the attempt to eject him from the car; each *79 would sustain the action, even in that point of view; and therefore only one is proved by the verdict or demurrer, and not eve.n tiiat specifically. Mav not the defendants show, on the hearing in damages, notwithstanding the demurrer, that the plaintiff’s knee was not hurt at all ? or if so, that it was caused bv his attempt to assail the conductor, or in his twisting his limb under the seat in order to keep from being ejected from the car, or in springing over the seat to avoid the conductor ? If so, and the injury to the knee may be denied and disproved, the manner and degree in which it is claimed to have been done by the defendants may be disproved ; for the greater includes the less, and the proof of the manner may well show, as it did in this case, that the plaintiff himself was the author of this particular injury ; and were it true that the defendants, by plea, could have set up such misconduct of the plaintiff in bar of the action, which we by no means concede, still, the entire proof being before the court, and it appearing that there had been no negligence, misconduct or fault in the defendants, it would be strange indeed for the court to adjudge the defendants to pay the plaintiff damages brought upon himself by his unpardonable contumacy and violence, when it is not found that the particular injury to the knee was caused by the defendants’ agents at all.
Nor does it follow from the demurrer that the character of the scuffle in the car, when the plaintiff set the rules of the company at defiance, can not be known and judged of and made the rule of right between the parties. It can not be so. *The demurrer can not be allowed to clothe the acts [ *97 ] of the defendant’s agents, (supposing them to be improper,) with a character or quality which will not allow of a full examination of them on their merits, or which must exonerate the plaintiff contrary to the justice of the ease, and contrary to what would have been the result in a trial on the general issue. »
We advise judgment for one hundred dollars damages.
In this opinion, Hinman and McCurdy, Js., concurred. Sanford J., dissented. Storrs, C. J., being disqualified by interest, did not sit.
Judgment for $100 damages.