Smith agt. Waite.

---

## SUPREME COURT.

### SMITH agt. WAITE.

An answer to a complaint for breach of marriage promise, can not set out, in mitigation of damages, that between the alleged promise and breach, the plaintiff's conduct was improper, indecent and criminal, &c. Such facts can not now, any more than before the Code, be *pleaded*.
If admissible in evidence at all, they may be proved without being pleaded.

*Albany Special Term,* 1852. *Motion to strike out a part of defendant's answer as irrelevant or redundant.* The action is for a breach of promise of marriage. The defendant denies the promise, and then alleges that the plaintiff, if he ever did promise, had absolved him from its performance.

The answer then proceeds to state, that between the time of the alleged promise and its breach, the plaintiff's conduct was " improperly indelicate, and that she was habitually, during that

period, accustomed publicly to use coarse, vulgar and indecent language, and to conduct herself in an improper, indecent and criminal manner, by means of which her reputation was greatly injured, and she thereby rendered an unfit consort for the defendant." It is then alleged that after this conduct came to the defendant's knowledge he never gave or paid her any further attention. All this the defendant alleges by way of mitigating any damages the plaintiff may prove. This part of the answer the plaintiff moves to strike out.

D. BUEL JR., *for Plaintiff.*

J. PIERSON, *for Defendant.*

HARRIS, Justice.—The defendant concedes that the matter embraced in this motion does not constitute a defence to the action. All he claims is, that the facts alleged may be proved in mitigation of damages. This may be so; but such facts can not now, any more than they could before the adoption of the Code, be pleaded. In a single instance mentioned in the 165th section of the Code, mitigating circumstances may be stated in an answer; but the very fact that the legislature have thought proper to allow this to be done in one case, shows that no change of the general rule of pleading, in this respect, was intended.

The Code authorizes the defendant to plead any new matter constituting a defence. It is but an enactment of the common law rule on the subject. But here the matter in question, confessedly, does not constitute a defence. It admits a cause of action, but alleges that the plaintiff has not suffered as much damage as she would if her character had been better. How is the plaintiff to meet such a pleading? If she omit to answer it she is to be deemed to have confessed the facts stated. If she denies it, she makes an issue upon a question which goes only to the amount of damages, and not to the merits of the action.

Nor is there any necessity of pleading such matter. If admissible in evidence at all, it may be proved without being pleaded (Wilmarth vs. Babcock, 2 *Hill*, 194; Graham agt. Stone, 6 *How. Pr. R.* 15). This part of the answer, therefore, is clearly redundant if not irrelevant, and the motion must be granted, with costs.