## FOLAND a. JOHNSON.

*Supreme Court, Third District; General Term, Dec.*, 1862.

PROFANE CURSING AND SWEARING.—DEMURRER.—PLEADING.—
PARTIAL DEFENCES.—FACTS IN MITIGATION OF DAMAGES.

Under 1 Rev. Stat., 674, §§ 61–63,—which provides that " every person who shall profanely curse or swear shall forfeit one dollar for every offence," and, in default of payment, may be committed to the county-jail, "for every offence whereof he is convicted, at one and the same time, for not less than one, nor more than three days,"—in case of a single conviction, though for several distinct offences, imprisonment for more than three days cannot be imposed.

Under the Code, a partial defence may be set up by answer.

Thus, in an action to recover damages for assault and battery and false imprisonment, facts constituting a justification of a portion of the violence complained of, or facts in mitigation of damages, constitute a sufficient defence.

Appeal from an order sustaining a demurrer to separate answers of the defendants.

This action was brought by John H. Foland against Edward Johnson and Robert Squires, to recover $500 damages for assault and battery and false imprisonment. The facts and pleadings are set forth in the opinion. The plaintiff demurred to the answers of the defendants; the demurrer was sustained, and defendants appealed.

*George Van Santvoord,* for the appellants.

*Jacob Holmes,* for the respondent.

BY THE COURT.*—HOGEBOOM, J.—The complaint is in the ordinary form in an action of assault and battery and false imprisonment, and charges the defendants, in substance, with seizing the plaintiff, and forcing and compelling him to go from the town of Schodack to the county-jail in the city of Troy, and then and there imprisoning and detaining the plaintiff, without any reasonable or probable cause, for the space of ninety days, to his damage five hundred dollars.

The separate answer of the defendant Johnson states, 1. That he denies every allegation in the complaint, " except as hereinafter qualified or admitted." 2. " And, for a second and further defence," states that a complaint in writing and on oath was made before him, as a justice of the peace of the county of Rensselaer, against the present plaintiff, for profanely swearing in the hearing of the complainant thirty times; whereupon the justice caused said Foland to be brought before him, and inquired into the facts, and took testimony, and found the plaintiff guilty of the charge, and imposed upon him the fine and penalties of thirty dollars, which the said Foland refusing to pay, or to give security therefor, the said justice did commit him to the common jail of the county, and duly made and entered a record of such conviction and commitment, which is the same assault and battery set forth in the complaint. 3. " And, for a third and further defence," states that plaintiff is, and long has been, a man of intemperate habits, and frequently intoxicated; and, when so, is violent, profane, and abusive in his language and conduct, to the common nuisance and disturbance of the neighborhood. That he is a man of idle and profligate habits, and

---

* Present, HOGEBOOM, PECKHAM, and MILLER, JJ.

was so in liquor, and disturbing the public peace, at the commission of the offences of profane swearing, for which he was tried by defendant as aforesaid; that he believes the complaint aforesaid was in good faith, and the trial, conviction, and sentence aforesaid according to law, in good faith, and without malice or ill-feeling towards plaintiff; and that the said plaintiff has sustained no damage whatever by said imprisonment, as he had no business, and was thereby kept from the use of intoxicating liquors. " All which facts and circumstances the said defendant will prove in mitigation of damages."

To this answer the plaintiff demurred as follows: " The plaintiff demurs to the answer of the defendant, Edward S. Johnson, in the above-entitled action, and shows the following ground of demurrer—that the answer contains new matter, and said answer does not constitute a counter-claim or defence to the said action."

The court, at special term, ordered judgment in favor of the plaintiff against the defendants, on the demurrer, with leave to answer over on payment of costs; and from this order the defendant appeals to the general term.

In form, the answer purports to contain three separate defences: 1. A general denial. 2. Matter in justification. 3. Matter in mitigation of damages. The general denial is not, however, absolute and complete, but denies every allegation in the complaint, except as in the answer afterwards qualified or admitted. The answer, therefore, denies any assault, battery, or imprisonment, except such as was occasioned by the commitment and imprisonment of the plaintiff, on a refusal to pay or give security for the fine imposed on a conviction for profane swearing. To that extent, and for such cause, the defendant admits an assault and battery and imprisonment, and alleges it is the same assault and battery alleged in the complaint. As the plaintiff, under such an issue, would be at liberty to prove a different assault and battery from that set forth in the plea of justification, and as the commission of such different assault and battery is put in issue by the answer, I have had some doubt whether the general denial, or first branch of the answer, did not, as it purports to do, set up a distinct and independent defence from those contained in the second and third branches or divisions of the answer; and, therefore, whether the demur-

rer, being to the whole answer, must not fail for being too comprehensive, and for embracing a defence which is clearly good.

But, passing for the present this view of the case, let us consider whether the second defence is sufficient in law to bar the plaintiff's action. By 1 Rev. Stat., 674, § 61, "Every person who shall profanely curse or swear shall forfeit one dollar for every offence;" and, by section 63, in default of payment or security for the penalties incurred, the offender is to be committed by warrant to the common jail of the county, "for every offence, or for any number of offences, whereof he was convicted at one and the same time, for not less than one day, nor more than three days." As there was in this case but a single conviction, at one and the same time, though for thirty different offences, I entertain no doubt that the warrant of commitment prescribed an amount of punishment not warranted by law, and that the excess of imprisonment beyond three days was unlawful. And, although the answer shows that the justice had jurisdiction, both of the person and subject-matter, so far as to imprison for three days, yet it appears to me that the remainder of the term of imprisonment was necessarily unlawful, even if the commitment was not wholly void for imposing a term of punishment forbidden by law. The answer, therefore, in this branch of it, does not show a complete defence or justification to the cause of action set forth in the complaint; and if the Code requires that the answer shall show a complete defence, it cannot be upheld. If, however, this branch of the answer be not wholly corrupted by the introduction of this vicious matter into it, then the answer sets up a partial defence, to wit, a lawful imprisonment for three of the ninety days during which the defendant was imprisoned. And it then becomes necessary to inquire whether the Code allows a partial defence to be set up by answer.

Perhaps this is the same question presented by the third answer or defence, to wit, the defence of mitigating circumstances. That is a defence not strictly to the cause of action, but to the amount of damages. This may, I think, be regarded in the light of a partial defence; and the question returns, whether a partial defence must be set up by answer, or may be given in evidence under the general issue, or on an assessment of damages

without notice. So far as the decisions of this court are concerned, I think the question is settled by repeated adjudications, and should be deemed no longer debatable; and that a partial defence, unless it be in the shape of a counter-claim, cannot be pleaded, but may and must be given in evidence, without being incorporated in the answer; and, therefore, that an answer, setting up matter merely in mitigation of damages, is not tolerated by the Code, and is the subject of demurrer. (See Gilbert *a.* Rounds, 14 *How. Pr.*, 46; Saltus *a.* Kip, 12 *Ib.*, 342; Lane *a.* Gilbert, 9 *Ib.*, 150; Kneedler *a.* Sternbergh, 10 *Ib.*, 67.)

But I have great doubt whether these cases are not overthrown by the decisions of the Court of Appeals in Bush *a.* Prosser (11 *N. Y.*, 347), and McKyring *a.* Bull (16 *Ib.*, 297). Especially by the latter case. Bush *a.* Prosser, it is true, was an action of slander, and the question arose, under section 165 of the Code, whether an answer, setting up facts and circumstances in mitigation of damages, must, in order to make evidence thereof admissible, necessarily be accompanied with an answer setting up a justification; and it was held that it need not be. But the court, in discussing the form and effect of pleading under the Code, discuss, also, the question arising in the present case under sections 149 and 150 of the Code,—which require an answer to contain " a statement of any new matter constituting a defence or counter-claim," and permit a defendant to " set forth by answer as many defences and counter-claims as he may have." Judge Allen, at page 352, interprets these sections as "recognizing the right to set up facts constituting either a total or partial defence to the action," and the word defence as " applying to matters which go to the partial as well as the total extinguishment of the plaintiff's claim," and the action of the Legislature, as intending that the defendant should have " the privilege of alleging in his answer, and establishing by his proof, a partial defence, or alleging and proving mitigating circumstances" (p. 353); and he comes to the conclusion that " the facts (constituting a partial defence and tending to mitigate the damages) may and should be pleaded."

The case of McKyring *a.* Bull (16 *N. Y.*, 297) is more directly applicable. It was an action brought for recovering compensation for work and labor, and the defendant, under an

answer containing simply a general denial, at the trial offered evidence: first, of payment as a defence to the action; and second, of partial payment in mitigation of damages. Both were rejected, the decision of the trial court affirmed at general term, and, thereafter, in the reported case, by the Court of Appeals. Judge Selden says, "The word defence, as here used (in section 149), must include partial as well as complete defences." He also comes to the conclusion that this embraces matter in mitigation of damages as well as matter of strict defence to the action (p. 308); and concludes as follows: "My conclusion, therefore, is, that section 149 should be so construed as to require the defendant, in all cases, to plead any new matter constituting either an entire or partial defence, and to prohibit them from giving such matter in evidence upon the assessment of damages when not set up in the answer. Not only payment, therefore, in whole or in part, but release, accord and satisfaction, arbitrament, &c., which may still, for aught I see, be made available in England, in mitigation of damages, without plea, must here be pleaded."

The principle of these decisions is, I think, applicable to the present case; and the result is, that the order of the court below was erroneous. The pleadings in the case of the separate answer of the defendant Squire, and the demurrer, are substantially similar to those in the case of Johnson, and the same result necessarily follows.

The order of the special term should, therefore, be reversed, and judgment given for the defendants upon the demurrer, with leave to the plaintiff to withdraw the demurrer, and reply on payment of the costs of the demurrer, and the issue thereon and all subsequent proceedings, including the costs of the appeals.