By the Court.*—Miller, J.
The complaint in ■ this action is in the ordinary form of a complaint for false imprisonment, and charges the defendants, substantially, with unlawfully arresting the plaintiff, and causing her to be taken into custody by an officer, and taken through the public streets of the'city of Albany, to one of the police station-houses therein, and of being *404 there confined and imprisoned upon a false charge, without reasonable or probable cause.
The answer sets up in substance that the defendants were vestrymen of a church in Albany, and, as such, bound to preserve good order in the church ; that the plaintiff had previously come into said church with a premeditated design to disturb the .congregation, and did so disturb it; that the said conduct had been persisted in for some months previously ; that at the morning service of the same day, service was suspended by reason of the misconduct of the plaintiff, and the rector requested her to leave ; that in the afternoon of said day the rector called personally on one of the defendant-, and stated to him that by reason of the conduct, of the plaintiff he could not officiate or hold service in said church, and requested him to prevent the riotous and disorderly acts of the plaintiff, that in the evening of the same day, before the holding of the service, the rector publicly read a notice, which stated that the morning service had been disturbed by loud singing, &c., and also stating, that if such conduct was persisted in, the wardens of the church would perform their duty in preserving peace and good order, &c. ; that in defiance of such notice, the plaintiff repeated her previous conduct, to the great annoyance and disturbance of the congregation, and the defendants, for the purpose of preserving order in said church, &c., caused the plaintiff to be removed by a police officei, as they had a right to do, and as their duty as officers and members of said congregation required them to do.
The answer also stated that the plaintiff had for some months previously in like manner disturbed the congregation, had asserted her intention to do so, and had persisted in her conduct, although frequently requested to desist.
A motion was made at special term to strike out the answer, and a large portion of the answer was stricken out as irrelevant and redundant. The defendants appealed from the order to the general term.
*405 It is obvious that most of the matters set up in the answer are intended to present a history of the behavior and conduct of the plaintiff prior to and at the time when the plaintiff was arrested, for the purpose of mitigating the claim for damages, and for the purpose of meeting the allegation in the complaint that the defendants acted maliciously in removing the plaintiff.
The answer, therefore, as framed, presents the question whether facts in mitigation can be pleaded as a defense.
It has been held in several cases that mitigating circumstances in actions of this character may be proved, without being set up, if admissible in evidence at all (Smith v. Waite, 7 How. Pr., 227 ; Lane v. Gilbert, 9 Id., 150 ; Saltus v. Kipp, 5 Duer, 646 ; Hays v. Berryman, 6 Bosw., 679 ; Travis v. Barger, 24 Barb., 614). All the cases cited except Travis v. Barger were decisions made at special term, and in the latter case, in an action by the father for the seduction of his daughter, it was decided that when matters offered in evidence by the defendant furnish a complete bar to the plaintiff1 s action, they must be pleaded. If, however, instead of being a complete defense, they go only to the extent of his recovery, to the amount of his damages, they may be given in evidence without having been pleaded. Although the case last cited does not distinctly hold that mitigating circumstances cannot be pleaded, yet if not necessary to plead them, it would be useless to set them up by way of answer, and therefore they might be stricken.out as redundant.
Whatever weight may be given to the authorities cited, lam inclined to think that the case of Foland v. Johnson (16 Abb. Pr. 235), which was decided by the general term of this district, settles the question in favor of the doctrine that mitigating circumstances may be set up by way of answer, in a case like the present one. It was there held that in an action to recover damages for an assault and battery and ialse imprisonment, facts in mitigation of damages constitute a sufficient defense. The learned judge, in h'.s opinion, cites *406 the case of Bush v. Prosser (11 N. Y. [1 Kern], 347); McKyring v. Bull (16 N. Y., 297), and considers them, as overthrowing other decisions cited which hold a different doctrine. He refers to Judge Allen’s opinion, in Bush v. Prosser, who interprets sections 149 and 150 of the Code as recognizing the right to set up facts constituting either a total or partial defense to the action, and the word-defense ” as applying to matters which go to the partial, as well as the total extinguishment of the plaintiff’s o’aim, and that the legislature intended that the defendant- should have the privilege of alleging in his answer, and establishing by his proof, a partial defense. or alleging and proving mitigating circumstances, and concludes that facts constituting a partial defense, and tending to mitigate the damages, may and should be pleaded. He also quotes from the opinion of Selden, J., in McKvring v. Bull, which substantially sustains the same doctrine.
These authorities are conclusive upon the questions discussed, and leave no doubt that mitigating circumstances may be pleaded. That most of the facts alleged tend to mitigate the damages in this case, I think is quite clear, as they show conduct of the plaintiff which caused her arrest at the time, even if the arrest was illegal and unauthorized.
If they show a justification, then, clearly, they are properly set up in the answer, and cannot be stricken out.
That portion of the answer which alleges that the defendants were vestrymen, and bound to preserve good order in the church, rests, perhaps, upon a different-principle than some other portions of the answer. It is a defense justifying the action of the defendants in removing the plaintiff. It was eminently proper, I think, to set up by what authority the defendants acted, and that they were officers of the church upon whom especially devolved the duty of protecting the congregation and rector from any disorderly exhibitions. Even if they had authority as members of the congregation to arrest disorderly persons while engaged in the act, it *407 does not prevent any defense which might exist by reason of thffir power as officers.
In Wall v. Lee (34 N. Y., 141), it was held that in Catholic meetings, it is appropriate that the priest, as the presiding officer of the meeting, should preserve order, and rebuke all violations of it. The court said, “ the proof does not show the existence of trustees and vestrymen or wardens having a right to control the church and preserve order ; and I therefore infer that such officers are unknown to the Catholic organization.” It follows, there'ore, that where such officers exist, they have such authority, and if they have, there is no sound reason why it should not be set up as a matter of defense in actions like the present one.
The portions of the answer which set forth conduct for some time prior to the period when the arrest is alleged to have been made, are too remote, and should be stricken out. Also, some other portions which are redundant, ,and not material, in order to permit the defense or alleged mitigating circumstances.
The objectionable portions are marked in the copy answer furnished.
In conformity with the suggestions made, the order of the special term should be modified, without costs of appeal to either party.

 Present, Miller, Ingalls and Hogbboom, JJ.