## SUPREME COURT.

### LANE agt. GILBERT.

Where a defendant does not, in his answer in an action for assault and battery take a direct issue upon the fact, whether an assault was or was not committed, but merely states matter controverting the degree of aggravation by which it was characterized, the plaintiff's remedy is to move for judgment under § 247 of the Code, on account of the frivolousness of the answer.

If a defendant cannot take issue in such action upon the material allegations in the complaint, either by denial or justification, he should not answer at all. He can give in evidence his mitigating circumstances before a sheriff's jury on an assessment of damages.

*Albany Special Term, February,* 1854. Motion to strike out matter as redundant or irrelevant. The action is for an assault and battery. The defendant in his answer states, that "the plaintiff is a tailor by trade, and keeps a shop in Broadway, in the village of Saratoga Springs; that on the 21st of January, 1854, the defendant entered the said shop for the purpose of transacting certain business with the said plaintiff, as he lawfully might do ; that while in the said shop engaged in transacting such business with the plaintiff, he, the plaintiff, without just cause, addressed abusive, insulting, and inflammatory language to the defendant, and without just cause commanded the defendant to go out of the shop ; that the defendant did there-

upon immediately go out of the said shop on the sidewalk of Broadway aforesaid; that the plaintiff then followed the defendant out of the shop, and came close to him on the sidewalk, and, with a threatening and daring manner, addressed insulting language to the defendant, all without just cause; that, thereupon, the defendant, without any intent to commit an assault and battery, but for the purpose of cautioning the plaintiff, gently extended his hand toward the plaintiff, but has no knowledge that he touched him, but says, that if he did touch the plaintiff, it was only by gently laying his hand on the lappel of his coat for the purpose of cautioning him, as he had a right to do; and the defendant denies each and every allegation in the complaint, except as herein above admitted and explained." The plaintiff moved to strike out the whole of the answer, except the last clause commencing with the words, " and the defendant denies," upon the ground that it is redundant or irrelevant.

A. BOCKES, *for Plaintiff.*
J. B. M'KEAN, *for Defendant.*

HARRIS, Justice. The plaintiff has stated, as his cause of action, that the defendant violently assaulted and beat him. The defendant, if he would interpose a legal defence, was required either to deny some allegation in the complaint essential to the cause of action, or, if he could not do this, to state some new matter in justification of what he had done. Has he done either? If I have understood the import of the answer it amounts to this, that the defendant had no intention to commit the alleged assault and battery, and whether he did so in fact, he is unable to say. But, conceding that he did, it was a very slight affair, and whatever more is stated in the complaint is untrue. In other words, the defendant has not felt himself at liberty to take issue upon the fact whether an assault was or was not committed, but has merely controverted the degree of aggravation by which it was characterized.

The defendant, being required, as he was, to answer upon oath, could probably do nothing more, nor could he legally do

this. If he could neither deny nor justify the charge, he had no defence, and, of course, should not have answered at all. The mitigating circumstances alleged in his answer might very properly be proved before a sheriff's jury upon the assessment of the plaintiff's damages. They could not be made the subject of an issue upon which the parties might go to a trial.

I think the plaintiff has mistaken his remedy, in moving, as he has, to strike out a part only of the answer as redundant or irrelevant. The effect of his motion, if granted, would be to leave the defendant with an unintelligible fragment of an answer, and no issue capable of trial. A trial upon such pleadings would be but a mere assessment of damages.

Under these circumstances I think the motion should be denied, with liberty to the plaintiff, if the defendant shall not, within ten days after notice of this decision, serve an amended answer, which he is to have liberty to do, to move for judgment under the 247th section of the Code, on account of the frivolousness of the answer. Neither party to have costs upon this motion.