## CAZNEAU a. BRYANT.

*New York Superior Court; Special Term, January*, 1857.

RENEWAL OF MOTION.—WRIT OF INQUIRY.

In the Superior Court a motion denied by one justice cannot be renewed before another justice upon the same facts, unless upon leave to renew given in the order denying the first motion. But this would not prevent a motion to modify or vacate founded in matters arising or discovered since the first motion, when no laches are imputable to the moving party.

*It seems* that in an action of libel where the defendant has failed to answer, the probability that difficult questions of law may arise upon the construction of the complaint, the legal effect of the default upon the allegations in the complaint, as to the meaning of the words, and respecting the admissibility of evidence in mitigation, may be grounds for ordering the writ of inquiry to be executed before the court at a trial term, instead of before a sheriff's jury.

Cazneau a. Bryant.

Motion to have the writ of inquiry, which had been issued upon the defendants' default to answer, executed before a judge at a trial term or before a special jury.

The action was by a female for libel. Defendants failed to answer. Upon issuing a writ of inquiry to assess the damages, the plaintiffs moved to have it executed before the court instead of before a sheriff's jury. This motion was denied by the justice before whom it was made, because the reasons did not appear to him sufficient. In consequence of circumstances subsequently transpiring, which raised suspicion that previous conversation had been held with members of the jury, the plaintiffs moved again upon new affidavits.

WOODRUFF, J.—The plaintiffs move that the writ of inquiry, issued upon the default of the defendants to answer, be executed before a judge at a trial term of this court, or before a special or struck jury. The considerations urged by the plaintiffs' counsel upon the argument of the motion, would, I think, induce me to order the writ of inquiry to be executed at the trial term if the case was before me upon an original application (2 *Johns.*, 107 ; 3 *Ib.*, 153 ; 13 *Wend.*, 658 ; *Graham's Pr.*, 795, &c.).

But it appears by the papers that the same motion was heretofore made to one of the justices of this court, and the order refused, because sufficient reasons were not then, in his opinion, shown for a departure from the usual practice of the court. In respect to any grounds of the application *then existing* and *then known* to the moving party, this decision is conclusive. The justices of this court do not separately review each other's decisions upon motions of this description, nor entertain a second motion to the same effect as a former, unless upon *leave given to renew in the order* which it is, in effect, sought to rehear. If the party be not satisfied with the decision made upon the papers before the judge, he should appeal (*Code*, § 323). If through inadvertence, surprise, or for other reasons, he finds that the merits have been imperfectly or inaccurately exhibited on the hearing, he should procure leave to renew the application upon further papers, and this should be inserted in the order (12 *Wend.*, 290), and should not acquiesce in the

Cazneau *a.* Bryant.

order and take proceedings under it. If he do thus proceed under the order, his motion in that regard will be deemed waived.

The consequence of this view of the subject is, that in regard to the alleged unsuitableness of sending an inquiry into the damage sustained by a female by injury to her character, to a sheriff's jury, the probability that difficult questions of law may arise respecting the construction of the complaint, the legal effect of the default upon the allegations in the complaint as to the meaning of the alleged libellous words, and respecting the admissibility of evidence in mitigation, and all like grounds upon which this motion is urged, I am concluded by the former decision; and however I may deem it a proper case for an assessment before a judge, I cannot reverse the former order upon any such grounds. The plaintiff acquiesced in the order, issued the writ directing an assessment by the sheriff, and noticed the same for execution.

This, however, would not prevent a motion to modify or vacate, founded in matters arising since the former motion, or matters since then discovered (no laches being imputable to the plaintiff). In the affidavits submitted, the plaintiffs' attorney does undoubtedly state circumstances, which, unexplained, might awaken suspicion that previous conversation had been held with some of the jury attending at the time appointed for the assessment. But these circumstances are not only fully explained, and most clearly exonerate the defendants, and their counsel and the jury, from any imputation of unfairness, but show that there is in truth no ground of suspicion. If any inference is warranted by the conversations disclosed, it is rather that there was a bias on the part of one or more of the jurors against rather than for the defendants. This, however, I do not think justified by what transpired.

To grant this motion under such circumstances would be unjustly reflecting upon the conduct of defendants, the counsel, and the jury, when I do not see in what transpired any thing to warrant the belief that the plaintiffs would not have had an impartial hearing.

If any irregularity shall arise in the taking of the assessment, which works injustice, the party aggrieved will obtain relief. To *anticipate this*, would be to place the court in a

situation in which we could not, with propriety, send *any* case to the sheriff for assessment.

The motion must therefore be denied, but without costs.