# DILLAYE a. HART.

*Supreme Court, First District ; Special Term, April,* 1859.

### ASSESSMENT OF DAMAGES.

Upon application to the court for relief upon failure to answer in an action for damages for a wrong, the court has power to direct the damages to be assessed at the circuit.

Where the cause of action in such case is one that has excited public attention, and it is probable that the question as to what extent provocation may be admitted in mitigation will arise, a motion that the assessment of damages should be had at the circuit should be granted, in order to give the parties the right of challenge, and other advantages of a regular trial of the question.

Application for judgment.

The action was for assault and battery. The defendant appeared, but did not plead to the complaint, and the plaintiff now applied to the court for the relief demanded. In so doing, he moved for an order that the damages be assessed at the circuit, instead of by a sheriff's jury.

*D. C. Brown,* for the motion, urged—I. That if the damages were to be assessed by a sheriff's jury, the plaintiff could not have the opportunity of challenging the jury.

II. That, as important questions of law as to the admissibility or rejection of evidence, in mitigation of damages, were likely to arise, the same should be heard by a judicial, rather than a ministerial officer, especially as there was reason to apprehend a political prejudice.

*B. Galbraith,* opposed.

CLERKE, J.—The writ of inquiry is superseded by the Code of Procedure, which directs, where the action does not arise upon contract for the recovery of money only, and the defendant fails to answer, that the court, upon application for judgment, if damages

for any tort are sought to be recovered, may order them to be assessed by a jury. Whether this includes a sheriff's jury, it is, perhaps, not necessary on this occasion to inquire. It is quite certain that the court retains the power to have the damages assessed at the circuit.

I am not at all afraid that the political predilections of the sheriff would, as has been hinted, consciously or unconsciously bias his conduct in assessing the damages before a jury of his own; but, for other reasons, I think it is expedient that the cause should be sent to the circuit. The occurrence upon which the action is founded has produced, I am informed, some excitement in political circles; and it is very probable the question, to what extent provocation may be admitted in mitigation of damages, may arise on the trial. Under such circumstances, both parties should have the benefit of all the advantages which a regular trial at the circuit can afford; and one of the most important in a case of this nature is, that they both should have the right of challenge. The persons comprising a sheriff's jury cannot be challenged. The reasons assigned in the books are, because an assessment by a sheriff's jury is only an inquest of office, and the sheriff does not act in a judicial capacity. (2 *Johns.*, 91.)

Motion granted, with $10 costs, to abide event.

---

## CONKLIN *a*. STAMLER.

*New York Common Pleas; General Term, June,* 1859.

EVIDENCE.—BOOKS OF ACCOUNT.—EXAMINATION OF PARTIES.

The plaintiff's books of account are not evidence in his favor sufficient to support his action, upon mere proof that he had no clerk or book-keeper, and that persons dealing with him had settled with him by his books. It must also be proved that the defendant dealt with the plaintiff, and that some of the articles sought to be recovered for, were delivered.

*It seems,* that since the statute authorizing parties to testify as witnesses in their own behalf, books of account of a party are no longer sufficient evidence on his