## RAYMOND *a.* TRAFFARN.

*Oneida County Court, January,* 1861.

JUSTICES' COURTS.—PLEADING.—TRIAL.

In an action in a justice's court for trespass upon real property, defendant answered simply that a former suit was a bar. On the trial, the justice denied an application for leave to amend, and defendant declined to produce any evidence, whereupon the justice, without any proof from plaintiff, gave judgment for the amount demanded in the complaint.

*Held,* error, for which the judgment should be reversed.

Section 168 of the Code of Procedure,—which entitles plaintiff to a judgment upon a complaint where the answer does not deny the cause of action,—is not applicable to justices' courts.

The averment of the amount of damages is not issuable, and is not admitted by failure to answer.

Appeal from a judgment in a justice's court.

The facts are fully stated in the opinion.

*H. Romeyn Hadley,* for the appellant.

*Joseph Benedict,* for the respondent.

GEO. W. SMITH, J.—This was an action arising in a justice's court, in which the plaintiff complained against the defendant "for cutting and carrying away his (plaintiff's) grass to his (plaintiff's) damage, fifty dollars."

The answer of defendant was "a former suit in bar, which was commenced, &c., before George Wheelock, Esq., and was then disposed of."

Issue having thus been joined, the parties appeared for trial, at which time the attorney of the defendant asked leave to put in a plea of title, and undertaking, under the statute. This amendment was refused, as was another, more fully setting forth the particulars of the suit in bar, and the rulings of the justice upon these points appear to have been proper.

The defendant thereupon declined to produce any evidence,

and the plaintiff submitted the case upon the pleadings, and the justice, without any proof, rendered judgment against the defendant for $50 damages, and $2.84 costs.

The only questions necessary to be considered are, whether this plea of a former suit sufficiently admitted the cause of action, and whether, upon such admission, the justice could render judgment to the extent claimed as damages, without the aid of proof.

It is insisted on the part of the respondent, that section 168 of the Code applies to justices' courts, and entitles a plaintiff to judgment upon a complaint not denied, chiefly upon the authority of a dictum in the opinion in the case of Hodges *a.* Hunt (22 *Barb.*, 152), which asserts, that "it seems that section 168 is expressly made applicable to justices' courts by section 64, subdivision 15." A reference to that subdivision shows that only the provisions of the Code "respecting the forms of action, parties to actions, the rules of evidence, the times of commencing actions, and the service of process upon corporations" are thus applied.

The effect given to section 168 in justices' courts, was not necessary to the result aimed at in that case. Its aid was sought in that case in order to establish the right of the plaintiff to give proof of a new promise in reply to an answer of the statute of limitations ; no pleading after answer being allowed in justices' courts. But when the Code abrogated all pleadings before a justice subsequent to the answer, it did not take away the right of a plaintiff to prove the facts avoiding the defence made by such an answer, although they could no longer be formally alleged in pleading. The Code intended no such legal *cul de sac* as this. The new promise is the foundation of a legal right, which we cannot consider extinct merely because the form of pleading by which, under another system, it was presented to the court has fallen into disuse. All those facts or legal rights which were theretofore exhibited to the court by the replication, rejoinder, general issue, and notice, under the statute, were still competent to appear in their due pertinency and order in the case. It is for this sufficient reason, I apprehend, and not because section 168 was intended to govern pleadings in justices' courts, that the admission of the proof of the new promise was admissible.

It was assumed, of course, that subdivision 15, section 64, made the proof of the new promise admissible in that case, for the reason that the "rules of evidence" contained in the Code are thereby applied to justices' courts. But the question was one relating to pleading, and not to evidence. It was not, "Is the evidence *per se* competent or admissible?" but, "Can the subject-matter be shown at all without being pleaded?" No rule of evidence could sanction the admission of the proof without plea, if the fact could be pleaded, and, if pleaded, no rule of evidence would exclude it.

Section 168 furnishes no rule of evidence. It simply declares a judgment of law as to the status and effect of certain pleas, "that upon material allegations of the complaint, not denied, the plaintiff shall have judgment; that new matter not constituting a counter-claim, presents an issue for trial without any reply," &c. The section in substance, then, is this: That certain pleadings require the support of proof, and that certain others do not. This in no respect goes beyond the effect and quality of the pleading.

But irrespective of this point, long-established practice in justices' as well as other courts, requires judgment to be given upon issuable facts not denied, when the defendant appears and pleads by way of confession and avoidance. In this case, the defendant does not, indeed, deny the cause of action, nor does he confess and avoid; but his answer is "a former suit in bar," &c. This does not admit that any cause of action ever existed, and unless section 168 applies, the plaintiff was not entitled to judgment on these pleadings. But when the defendant appears and makes such answer as admits the cause of action, but avoids it, the burden is upon him to sustain his matter in avoidance; and, as to the cause of action, the plaintiff has nothing to prove.

But even when the defendant fails to support his answer of avoidance, the judgment of the law upon the pleadings, in cases like this, is, that the plaintiff "recover his damages;" not the certain sum named in the complaint, but so much as the court shall be informed by proof had been sustained.

Only traversable allegations are confessed to be true by an answer which admits the plaintiff's cause of action. The damages stated in the complaint are the extent of the compen-

sation demanded, not an actual and issuable averment of the amount. Upon the amount thus claimed, no issue could properly be taken, but without any answer, upon evidence being given as to the quantum of damages, the defendant was entitled to appear and scrutinize such evidence, and mitigate the damages. (3 *Jacob's Law Dic.*, 512 ; Woodruff *a.* Cook, 25 *Barb.*, 505 ; Conoss *a.* Meir, 2 *E. D. Smith*, 314 ; Hackett *a.* Richards, 3 *Ib.*, 13.) Of this right the defendant was deprived by the rendition of the judgment, without any proof being made as to the actual damage.

On this ground, and because there was no admission of the cause of action by the pleadings, the judgment must be reversed.