Robertson, Ch. J.
This is an action for a libel, in which, the defendant having failed to appear, the plaintiff procured an order to assess damages by the sheriff’s jury. He now moves to vacate that order, and have the damages assessed by a jury *711 before a judge of the" court. No complicated questions of law are shown to arise in the case, or any incapacity on' the part of the sheriff to act, or any difficulty in regard to mitigating circumstances, such as were held to warrant a trial before a judge in Dillaye v. Hart, (8 Abb. Pr. 394,) and Cazneau v. Bryant, (6 Duer, 670.) The question in regard to the right of challenge to jurors, if tenable, might be raised in every case of assessment by a sheriff’s jury. For any misconduct by the sheriff or jurors, the remedy is by application to set aside the assessment. It is very doubtful whether the right of challenge may not exist in case of the execution of a writ of inquiry. The Revised Statutes seem to provide for the holding "of a court by the sheriff, in such cases, (2 B. S. 286, §§ 47, 58 ;) and if so, he must have a right to exercise judicial powers as to the subordinate questions arising in the course of the assessment, as well as the preservation of order and the punishment of witnesses for disobyeing a subpoena. That statutory provision did not exist at the time of the decision in Tillotson v. Cheetham, (2 John. 63,) holding that the sheriff’s duties were entirely ministerial, and that, therefore, no right of challenge existed. Nothing new appears to have been discovered by the plaintiff since he obtained his original order, rendering it proper that a change should be made in the direction of this action, and the reasoning in Carnean v. Bryant, is conclusive upon that point.
The motion must be denied, with $7 costs.