LUCAS THOMPSON, Respondent, *against* ALEXANDER LUMLEY *et al.* Appellants.

(Decided March 5th, 1877.)

Where an appeal is taken to the Court of Appeals, from an order granting a new trial, and that court affirms the order and directs judgment absolute on the stipulation given by the appellant, under § 11, subd. 2, of the (old) Code of Civil Procedure, all the traversable allegations of the pleadings of the successful party stand admitted.

Allegations of special damages are, however, not traversable, and consequently not thereby established, and the special damages alleged must still be established by evidence on an assessment of damages, had upon such order for judgment absolute in the court to which the case is remitted by the Court of Appeals.

In an action for malicious prosecution the amount of costs and counsel fees expended by the plaintiff, in defending the prosecution, is matter of special damage, and to be recovered, must be specially alleged and proved.

*It seems,* that an admission in a pleading that *about* $700 was paid is not an admission of the payment of $700, and that the party claiming to recover the amount so paid must show by evidence the precise amount.

*It seems,* that in actions for malicious prosecution, where the amount of the pecuniary equivalent for the plaintiff's loss of reputation and mental suffering, is not susceptible of exact proof, the plaintiff upon assessment of damages,—his cause of action being admitted,—is not required to give evidence of damage, but the jury may give such damages as they think the injury warrants including punitive damages ; but if the plaintiff sees fit to give evidence as to such points, the defendant may controvert it. Per CHARLES P. DALY, Chief Justice.

*It seems,* that the defendant cannot, upon an assessment of damages, give evidence in mitigation of damages, where the direct effect of such evidence is to disprove the facts alleged by the traversable allegations of the complaint, and to show that no cause of action exists. Per CHARLES P. DALY, Chief Justice.

The rights of defendants, and the practice upon assessments of damages, in various classes of cases considered. Per CHARLES P. DALY, Chief Justice.

Where in an assessment of damages, in an action for malicious prosecution, the jury were erroneously instructed that an allegation of the complaint, as to the amount expended by the plaintiff, for costs and counsel fees, in defending the prosecution, stood admitted by the defendants, the court, on appeal, refused to allow the assessment to stand, upon the plaintiff's consenting to reduce the damages assessed by that amount, and ordered a reassessment, on the ground that the jury might have regarded the necessity of such expenditure, on the part of the plaintiff, as matter of aggravation, and on that account, given a greater sum, as general damage, than they otherwise would have done.

APPEAL by the defendants from an order made at special term, by Judge JOSEPH F. DALY, denying a motion to vacate an assessment of damages, and from the assessment had before Judge VAN BRUNT and a jury, and the judgment entered upon the assessment.

The action was brought in this court to recover damages for malicious prosecution, in charging the plaintiff, before a police justice, in New York city, with perjury, and causing his arrest by such justice on that charge, from which arrest the plaintiff, after a hearing before the justice, was discharged. At the trial, the complaint was dismissed. The plaintiff, Thompson, appealed to the general term, which ordered a new trial. The defendants thereupon appealed to the Court of Appeals, from the order granting a new trial, and stipulated (under § 11, subd. 2 of the Code of Civil Procedure—*old*), that if the order were affirmed, judgment absolute should be rendered against them. The Court of Appeals affirmed the order and ordered judgment absolute, for the plaintiff, on the stipulation. On motion of the defendants the plaintiff's damages were ordered to be assessed before a judge of this court and a petit jury, and thereupon such an assessment was had before Judge VAN BRUNT and a jury.

In his complaint the plaintiff had alleged as special damages, that " he was compelled to pay about seven hundred dollars, in costs and counsel fees, in defending himself against the defendants' prosecution." At the assessment of damages Judge VAN BRUNT ruled that the plaintiff need give no evidence as to the actual amount so paid, and that the judgment of the Court of Appeals established that the plaintiff did spend $700 in costs and counsel fees, for defending himself.

The damages were assessed at $3,200.

*C. Bainbridge Smith*, for appellants.

*A. J. Requier*, for respondent.

CHARLES P. DALY, Chief Justice.—This was an action to recover damages for a malicious prosecution. Upon the trial, the complaint was dismissed. The plaintiff appealed to this court, and the general term granted a new trial. The defendants then appealed to the Court of Appeals, where the decision of the general term was affirmed, and upon the stipulation entered into by the appellants, judgment absolute was rendered for the plaintiff. The cause was then remitted to this court, where all that remained to be done, was to ascertain the plaintiff's damages, he having in addition to his general damages, averred in his complaint special damages, one item of which was, that he had been compelled to pay about seven hundred dollars in costs and counsel fees. The effect of rendering judgment absolute in his favor, was to establish fully his cause of action, leaving nothing to be ascertained but his damages; to hold, as he averred, that the defendants maliciously intending to injure him in his good reputation and without probable cause, charged him before a magistrate with having committed willful and corrupt perjury; that they procured the magistrate to grant a warrant for his arrest upon that charge, upon which warrant he was arrested and imprisoned for several hours, when he gave bail; and that afterwards, upon an examination before the magistrate, he was fully acquitted upon the testimony of the prosecution.

The effect of the judgment of the Court of Appeals was the same as if the whole of the plaintiff's cause of action had been admitted. It was equivalent to an admission, by a failure to put in an answer, that the defendants had maliciously and without probable cause, caused the plaintiff to be arrested, imprisoned and prosecuted upon a charge of perjury. But the amount paid for counsel fees and costs, the plaintiff had to prove upon the assessment, for that was in no way settled by the judgment of the Court of Appeals, the effect of which was simply to establish the plaintiff's cause of action as averred in his complaint, but nothing more; and the ruling of the judge upon this point was, in my opinion, erroneous.

The averment that he was compelled to pay " about seven

hundred dollars," was an averment of special damage; and an averment of special damage is not traversable, unless where it is the gist of the action. (*Baldwin* v. *N. Y. &c. Nav. Co.* 4 Daly, 315 ; Chitty on Pleading, 646, 6th Am. Ed. ; *Smith* v. *Thomas*, 2 B. N. C. 372 ; 2 Scott, 546; *Welby* v. *Elston*, 8 M. Gr. & Scott, 142 ; *Robinson* v. *Marchant*, 7 Q. B. 918.) "If," said Ch.·J. Tindall, in *Smith* v. *Thomas* (*supra*), " the plaintiff proves his special damage, he may recover it ; if he fails in proving it, he may still resort to and recover his general damages. A traverse, therefore, if such an allegation is immaterial and improper as a finding upon it either way, will have no effect as to the right to the verdict." The damages sustained are, as a general rule, matter of evidence, and need not be alleged (*Barruso* v. *Madan*, 2 Johns. R. 149) ; but where the plaintiff seeks to recover damages which were not the direct and immediate result of the injury, and which the defendant therefore cannot be assumed to have any knowledge of, the plaintiff must aver them specially in his complaint, that the defendant may not be taken by surprise upon the trial, but may be prepared to rebut the proof offered of such special damages, or the amount, or extent of them. (*Sqund* v. *Gould*, 14 Wend. 160 ; *Vanderslice* v. *Newton*, 4 N. Y. 132, 133.) The object is merely to give him notice, that he may not be taken by surprise, and therefore such an averment is not traversable or demurrable. (*Leland* v. *Tousey*, 6 Hill, 328.) A failure to answer, consequently, is no admission of such special damages, and the plaintiff must prove them on the assessment.

Even if an expense incurred in consequence of the injury is, as Judge Pratt said—but without supporting it by any authority—in *De Forest* v. *Leete* (16 Johns. 128), " a material and traversable fact," it would not avail in the present case, where the averment is not that $700 was paid, but *about* that amount, making it still necessary for the plaintiff to show, upon the assessment, what sum was paid.

The complaint also averred, as an additional damage, that the plaintiff had suffered in his business, especially among those who believed him guilty, and who refused to deal with

him, and also greatly in his peace of mind, and he claimed in all $50,000 damages.

The appellants insist that under this averment the plaintiff could recover only nominal damages; and that, if he sought to recover any more, he would have to prove them. But this is not the rule. In actions of this nature, where the injury done to a man's reputation by his being arrested and imprisoned upon such a charge, and the mental suffering which is incident to it, is incapable of exact proof as is an ordinary pecuniary injury to property; the plaintiff upon an assessment of damages;—his cause of action being admitted, is not required to give any evidence of damage, but the jury may give such damages as they think the nature of the injury warrants, and which, unless excessive, will not be disturbed. (*Tripp* v. *Thomas*, 3 Barn. & Cresw. 427 ; id. 5 Dow. & Ry. 276 ; *Pierepoint* v. *Shapland*, 1 Car. & Payne, 447 ; *Tillottson*, v. *Cheetham*, 3 Johns. 56 ; 1 Tidd's Pract. 581, 9th Lond. Edit.; Townshend on Slander and Libel, § 274.)

As respects the assessment of damages in this case, it is to be regarded as analogous to the case of a default upon a failure to answer, and to be governed by the practice which existed upon assessing damages upon an inquest at the circuit or upon a writ of inquiry before a sheriff's jury. •

It was held in *Green* v. *Willis* (1 Wend. 78), that upon an inquest, the defendant loses his right to challenge the jury or to produce testimony, and examine witnesses on his behalf;—that he is entitled to appear ; to cross-examine the plaintiff's witnesses ; to raise objections to the plaintiff's right of recovery, and to take exceptions to the decisions and opinions of the judge, and it was in respect to the practice, as it has existed since the decision of this case, in 1828, that I remarked upon the argument in the present case, that so far as my knowledge extended, it had not been the practice to allow the defendant to call witnesses.

In *Tillottson* v. *Cheetham* (*supra*), Spencer, J., said in effect, that the defendant was entitled to give evidence, to mitigate the damages in action of libel ; that the plaintiff, in consequence of the default, was entitled to nominal dam-

ages, and that, as respects the real damages, the defendant was at liberty to urge to the jury that the inuendoes in the declaration were not warranted by the context. But this was a dissenting opinion ; the majority of the court holding that upon the default, the fact of the publication of the libel and the truth of the inuendoes were admitted.

It has been said, moreover, in other cases, that where the cause of action was admitted by the default and the sum which the plaintiff was entitled to recover was uncertain, that the defendant was at liberty to give evidence upon that point. (*De Gaillon* v. *l'Aigle*, 1 Bos. & Pul. 368; *Sheperd* v. *Charter*, 4 Term Rep. 275; *Thellusson* v. *Fletcher*, Doug. 317 ; Dunlap's Pr. 395.)

In *Gilbert* v. *Rounds* (14 How. Pr. 46), which was an action for an assault and battery, it is said by Balcom, J., that where a party allows an inquest to be taken against him at a circuit, there is authority for saying that he thereby loses the right to produce testimony and examine witnesses on his part; and is restricted to the right of cross-examining plaintiff's witnesses ; but that he was unable to find any authority, that the defendant's rights were so restricted on the assessment of damages, either at the circuit, or before a sheriff's jury, when judgment goes against him for not answering the complaint. This distinction may be entirely true, so far as it is applied to the assessment of damages in an action for assault and battery ; for in such an action, if the plaintiff, upon the defendant's failure to answer, gives no proof of the nature of the injury which he suffered, but relies simply upon the defendant's admission of an assault and battery, the plaintiff can recover only nominal damages (*Bates* v. *Loomis*, 5 Wend. 134) ; for unless the circumstances of the assault and battery are proved, the jury have no means of judging what damages beyond nominal damages they ought to give.

In *Saltus* v. *Kipp* (12 How. Pr. 342), which was also an action for assault and battery, Bosworth, J., says : "A defendant may call witnesses on the assessment of damages upon a writ of inquiry and prove any matter which goes

only to mitigate damages. *Lane* v. *Gilbert* (9 How. Pr. 150) and *Hayes* v. *Berryman* (6 Bosw. 679) are to the same effect, and it may accordingly be assumed that in the assessment of damages, in actions of assault and battery, or in any action where the plaintiff, unless he is content with nominal damages, must prove the circumstances to enable the jury to judge what damages they ought to give; the defendant may call witnesses to show mitigating circumstances, or give any evidence which may aid the jury in fixing a just and adequate amount. But in actions for defamation or malicious prosecution, where the injury is to reputation and character, the jury, where the cause of action is admitted, are enabled to judge from the defamatory words, or the nature of the charge upon which the defendant was arrested and prosecuted, what damages ought to be given (*Tripp* v. *Thomas*, *supra*); but if the plaintiff, upon the assessment, is unwilling to leave the case with the jury upon the charge alone, but calls witnesses to prove all the facts and circumstances, then the defendant is equally entitled to call witnesses as to the facts and circumstances, controverting such as may be so proved; for whatever the plaintiff may prove, the defendant is at liberty to disprove (per Hogeboom, J., in *McKown* v. *Hunter*, 30 N. Y. 628). The plaintiff gave evidence of this description, such as that he was taken through the city to Jefferson market; that he was extremely harassed and worried; that he did not know what the effect might be upon his business; that he did not attend to his business as usual, being harassed and worried by this prosecution, which lasted a little over four months; that he was very much excited over it, and very much hurt in his feelings; that he had to attend the court from fifteen to twenty times, some days staying only a very short time, whilst some days the sittings were quite long. He also proved that an account of his arrest was published in two of the newspapers of the city of New York, the *Tribune* and the *World*, the account contained in both papers being read to the jury, to which the defendant excepted. The defendants asked the judge to charge that the jury had no right to infer that any copies of

the newspapers were circulated, and he so charged. The further request that there was no evidence that a copy of the papers containing the publication was ever circulated in the city of New York, he refused and properly;—what he had already charged being sufficient. The defendant excepted to the plaintiff being asked what was the effect upon his mind and feelings, if any. But this inquiry was certainly competent, for the mental suffering arising from being arrested and prosecuted upon such a charge, is undoubtedly a part of the injury, and may be taken into consideration by the jury in adjusting what they may regard as compensatory damages. The defendant also took exception to plaintiff being asked what was the extent of his business; but although the question was allowed it was not answered, which disposes of this exception. The exception to the plaintiff showing that an account of his arrest was published in the newspapers was not well taken. The newspapers are allowed by statute (Laws of 1854, chap. 130) to publish an account of the proceedings in the courts, and the injury to the plaintiff's reputation would be augmented through the legitimate publicity given thereby to the fact of his arrest and prosecution, upon a charge of perjury.

So far as the plaintiff gave evidence of facts and circumstances, tending to enhance the amount of damages, the defendants were entitled to give evidence to controvert any of those facts and circumstances. With that view, they subjected the plaintiff to a very long cross-examination; and in addition, attempted to get before the jury the whole case as it was presented on the trial, before Judge Larremore. when the complaint was dismissed; and also proposed to show that all the facts came up upon a motion to discharge the order of arrest before Judge Joseph F. Daly, and that he virtually rendered the same decision as Judge Larremore, All this testimony was objected to and excluded, the defendants taking a great number of exceptions which I do not propose to consider, as I shall pass upon those exceptions only which the defendants present in their points, and which their counsel have argued before us, at the general term,

assuming that he regards all the other exceptions às untenable. It will suffice to say, in respect to the attempt to introduce the whole of the case, as it was presented upon the trial, when the complaint was dismissed, that it is well settled that the right of a defendant upon an inquest does not extend so far as to allow him to introduce what would be a substantial defense to the action. (*Hartness* v. *Boyd*, 5 Wend. 563; *Paige* v. *Willett*, 38 N. Y. 31; *Tell* v. *Beyer*, id. 162.) The defendants were entitled to controvert any of the evidence given by the plaintiff to enhance the damages; to disprove, by calling witnesses, any of the facts and circumstances he gave in evidence for that purpose. But the defendants undertook to go much further than this. They claimed the right to introduce independent testimony, the direct tendency of which was to show the existence of probable cause, when the decision in the Court of Appeals was a final adjudication that the charge was maliciously made, without probable cause; which brings under review the specific exceptions upon which the defendants rely and have argued before us. They claimed the right to prove by the evidence of their counsel, Mr. C. B. Smith, that they consulted with him with reference to making the complaint before the criminal magistrate; what he, Smith, advised; what facts and circumstances he had before him; whether or not, on the strength of these facts and circumstances, and his personal acquaintance with the facts and circumstances, he advised the making of the complaint; whether Alexander Lumley, one of the defendants, acted upon his, Smith's, advice in making it; and Mr. Smith was also asked to state in detail why, if he did so, he advised that the criminal charge would be upheld. They also offered to show that the defendants took the affidavit and submitted it to the district attorney; and that he, the district attorney, thought it was a proper case to bring before a criminal magistrate; and they put one of the defendants upon the stand and claimed the right to ask him how he came to make the complaint before Judge Cox; what professional judgment, if any, Mr. Smith gave him in respect to whether it could or

could not be sustained; whether he knew or not, before the complaint was actually made, that the district attorney had approved of the making of such a complaint; whether he, the witness, had any malice in his heart against the plaintiff in making it; and whether he did or did not believe at the time he made it that the plaintiff was really guilty of the crime of perjury. All of which questions and offers of testimony were excluded by the judge below. The defendants insisted in their argument before us, that they were entitled to give this evidence in mitigation of damages; but the objection to the whole of it is, that the direct tendency of it was, to show the existence of probable cause, or to give, in mitigation of damages, what was in reality a defense to the action. The judge below, under the decision of the Court of Appeals, had a right to assume that it was finally adjudged and fixed that the charge was made maliciously and without probable cause, and that that could not be controverted, whether for the purpose of mitigating damages or otherwise. It would be, in fact, allowing the defendants to prove that there was no cause of action, as a ground for mitigating the damages.

In *Foster* v. *Smith* (10 Wend. 377), which was an assessment of damages by a writ of inquiry, after default, in an action for false imprisonment, it was held that evidence denying the cause of action, or tending to show that no right of action existed, was inadmissible in mitigation of damages; that damages in such a case must be assessed on the assumption that the trespass complained of has been committed. Nor were the defendants entitled to ask the defendant who made the complaint, whether he had any malice in his heart against the plaintiff, in making it. Malice, in an action of this nature, is what is termed *malice in law;* that is, doing a thing intentionally without any lawful right or authority. The existence of *actual* malice, however, may be shown to enhance the damages; and where any such evidence is given, such a question as the one asked might be put to disprove the existence of actual malice. No evidence of this kind, however, was offered by the plaintiff, and

there was therefore no foundation for this question. The defendants excepted to the judge's instructing the jury that they might give punitive damages. The judge told the jury that they had the right, in this case, to give punitive damages, because the judgment of the Court of Appeals was, that this prosecution was malicious; that the amount of damages, if they came to the conclusion of giving punitive damages, was entirely within their discretion; that they had a right to give such damages or not as they might think the public interest requires; that it was for the punishment of the party, in a case of this description, that such damages were allowable, and they were given as a warning to others, and to prevent a repetition of the act. It is claimed that this was instructing the jury that they might give exemplary damages against the defendants, when the judge had refused to permit the defendants to give evidence tending to exculpation; that this was error; and we are referred to the case of *Millard* v. *Brown* (35 N. Y. 297). That, however, was an action for negligence, where, as the court said, the right of the jury to give exemplary damages depended upon whether the negligence was of such a character as to amount to misconduct or recklessness; and the court reversed the judgment, because the judge told the jury that they might give exemplary damages, if the defendant had been guilty of gross negligence, in leaving the cellar in an exposed and dangerous condition, whilst he precluded the defendant from showing that the hole was dug for the purpose of putting up a building, the cellar of which was to extend under the side-walk, and that the delay in putting it up was unavoidable, on account of certain legal proceedings to settle the boundary line, the only evidence in the case, as would seem from the report, of gross negligence, being that the fence which guarded the side-walk, was after its erection thrown down, and that the same remained open for several months, until the happening of the injury. The error, so far as it can be gathered from the opinion of the court, was in precluding the defendant from showing that the excavation was lawfully made.

In certain actions the right to give punitory damages does not necessarily result from the nature of the action ; as in actions for injury to property, unless actual malice, gross misconduct, recklessness, or something of that kind is shown. But in other actions, such as for defamation, seduction, malicious prosecution, etc., the right of the jury, in their discretion to impose what is variously called "smart money," "punitive," "vindictive" or "exemplary" damages, seem to follow from the very nature of the injury. Thus Ch. J. Wilmot said, in an action of seduction : "Actions of this sort are brought for example' sake, and although the plaintiff's loss in the case may not amount to the value of twenty shillings, yet the jury have done right in giving liberal damages." In an action like the present, where it has been adjudged that the defendants maliciously, without probable cause, had the defendant arrested and prosecuted upon a charge of perjury, the right on the part of the jury, in their discretion, to give punitory damages, I think, follows from the nature of the injury. A reassessment will, however, have to be ordered for the error before referred to, of holding that the judgment of the Court of Appeals established that the plaintiff might recover for the amount averred to have been paid for counsel fees, etc., and that the plaintiff was not required to prove what he had paid.

ROBINSON and LARREMORE, JJ., concurred.

Reassessment ordered.

Upon an application being subsequently made to the general term by the plaintiff to have the judgment reduced by deducting the amount of $700 expenditures in defending the malicious action and affirmed as to the remainder, the following opinion was delivered on June 7th, 1877 :

ROBINSON, J.—While the plaintiff's application might be granted were this an action founded on contract, where the damages may be made matter of just estimate and calculation upon principles established by the court, no such rule can be

applied to actions in tort, wherein the amount of damages. are within the discretion of the jury, and are to be assessed by them upon their estimate of the compensation to be awarded or damages in matters of a positive character for wrong done and in respect to which no precise measure of damages can otherwise be established. In the case under consideration the only ground for reversal maintained by the general term in an action for malicious prosecution, was in the error of the judge in positively allowing an averment of an expenditure of " about seven hundred dollars " in defending the malicious action, undenied as an admission of an. expenditure to that amount for that purpose."

Were this an action founded solely on contract or upon matters of mere pecuniary obligation, the consent of the plaintiff to deduct the sum from the recovery would be just and proper, and relieve the court from the necessity of a new trial; but the present case being an action for tort it is impossible to adjudge that precise sum as having controlled the jury in their assessment of plaintiff's damages. It may well be that in the making of that assessment they may have regarded the necessity on the part of the plaintiff in incurring any such an expense, as matter of aggravation, enhancing the damages to an amount such as they would not otherwise have given; and it is impossible to enter into the minds of the jury and determine the extent of the consideration they gave to the circumstances calling for this expenditure.

The motion of the plaintiff to reduce the recovery by this. amount should be denied, with costs.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Motion denied, with costs.