## CITY COURT OF NEW YORK.

### JAMES O'DONNELL agt. GEORGE V. HECKER *et al.*

*Judgment—On remittitur—Practice as to judgments absolute where the damages are unliquidated—Assessment should be had at trial term—Code of Civil Procedure, sections* 1214, 1215, 1183, 3194.

The action is for negligence, and the trial judge dismissed the complaint. Upon appeal the general term of the city court reversed the judgment and ordered a new trial. The defendants thereupon appealed to the court of common pleas, giving a stipulation for judgment absolute. The common pleas affirmed the order of the city court, general term, and gave "judgment absolute" in favor of the plaintiff:

*Held,* that as the damages were unliquidated, the assessment thereof must be had at the trial term before a jury.

Sections 1214 and 1215 of the Code apply only to applications for judgment by default, and even in those cases the "writ of inquiry" may be executed at trial term if so directed.

*Special Term, April,* 1886.

McADAM, *C. J.*—The action is for injuries received by reason of defendants' negligence. Upon the trial the complaint was dismissed. The plaintiff appealed and a new trial was ordered by the general term. The defendants thereupon ap-

O'Donnell agt. Hecker *et al.*

pealed to the common pleas, giving the usual stipulation for judgment absolute. The common pleas affirmed the order and rendered judgment absolute in favor of the plaintiff. The plaintiff now applies for an order on the remittitur, and asks that it be settled according to the practice, whatever it may be. The damages, being unliquidated, must be assessed by a jury at the trial term of the court.

In case of judgment by default in an action for personal injuries, the damages must be ascertained by means of a "writ of inquiry" (*Code, sec.* 1215), but this does not require that the writ shall be executed by the sheriff, for it may be executed by the judge at circuit, without the presence of the sheriff (*Ellsworth* agt. *Thompson*, 13 *Wend.*, 658; *Tillotson* agt. *Cheatham*, 2 *Johns.*, 107; *Dillaye* agt. *Hart*, 8 *Abb. Pr.*, 394; *Peck* agt. *Corning*, 2 *How. Pr.*, 84; *Cazneau* agt. *Bryant*, 6 *Duer*, 668; *S. C.*, 4 *Abb. Pr.*, 402; *Hays* agt. *Berryman*, 6 *Bosw.*, 679; *George* agt. *Fisk*, 3 *Robt.*, 710).

In the present instance, an issue of fact was joined, which required trial at the circuit, and the provisions of the Code (*secs.* 1214, 1215) as to judgments by default for want of an answer do not apply. The general term of the city court ordered a new trial to be had at the trial term. This order has been affirmed by the common pleas, and still has legal effect, except that the "judgment absolute" awarded by the common pleas on the defendant's stipulation leaves the traversable allegations of the complaint admitted on the record. This is the legal consequence of the order for judgment absolute (*Thompson* agt. *Lumley*, 7 *Daly*, 74), so that the trial judge in form directs judgment on the pleadings, and orders the jury which he empanels to assess the damages (*Code, sec.* 1183).

The proceedings have been remanded to this court (*Code, sec.* 3194), that it may complete the trial, which the dismissal of the complaint cut short, and the assessment in this case should, as in *Thompson* agt. *Lumley* (*supra*), be had at the trial term. This is the usual practice on judgments absolute, where the damages

are unliquidated and an assessment becomes necessary to carry
the judgment of the appellate court into effect. Sections 1214,
1215 of the Code, as before remarked, apply only to cases
where the "plaintiff" is required to apply to the court for
judgment as "by default" for want of an answer (2 *Tillinghast
& Sherman's Pr.*, 250–261), and even in those cases the "writ
of inquiry" may be executed (if so directed) at trial term.

The order submitted has been settled in accordance with
these views.