Bradley, J.
The action is slander. On the default of the defendants to answer the complaint judgment was directed for the plaintiff, and a writ of inquiry was issued to the sheriff of Cayuga county to proceed to assess the damages. The jury made their inquisition, by which the plaintiff’s damages were assessed at fifty dollars. The plaintiff’s motion to set aside, the inquisition is founded mainly upon the ground that incompetent evidence offered on the part of the defendants was received, and that by it the plaintiff was prejudiced.
The only subject of inquiry was the amount of damages suffered by the plaintiff by the publication by the defendant, Hannah Lilly, of the slanderous words alleged in the complaint.' The plaintiff was without proof entitled to nominal damages. Bates v. Loomis, 5 Wend., 134. And the limitation to that may not necessarily be applicable to an action for slander. Tripp v. Thomas, 3 Barn. & Cress., 427. The defendants had the right to meet, so far as they could, the evidence on the part of the plaintiff by calling witnesses and giving such evidence as was proper by way of mitigation of damages. De Gaillon v. V. H. L’Aigle, 1 Bos. & P., 368; Gilbert v. Rounds, 14 How., 47.
An inquisition will not ordinarily be set aside on the ground that the damages assessed are large or small, nor will it be set aside for error in the admission of evidence, unless it can be seen that the party against whom it is re *423 ceived may have been prejudiced, or that injustice may have been occasioned by it. Ward v. Haight, 3 Johns., Cases, 80. There was evidence introduced against the objections and exceptions of the plaintiff, and retained upon motion to strike it out, which seemed to have no legitimate bearing in mitigation of damages. Such was the evidence introduced by the defendants to prove that the plaintiff supplied medicine to one of the witnesses, that blood was found at the places mentioned, and the evidence of conversations had by others with the defendant, Hannah Lilly, in which they stated that they had seen blood in the several places mentioned by them, and some other evidence of like character, to which it is unnecessary to specifically refer, was also incompetent.
None of this evidence unaided by other proof tended in any degree to legitimately furnish reasonable ground for belief in the truth of the charges made against the plaintiff by the alleged words spoken concerning her by the defendant. And, therefore, could not properly be used in mitigation.
The defendants were permitted to introduce considerable evidence of this character. And while it cannot be seen that it did or did not materially affect the result to the prejudice of the plaintiff it may have done so. No rule of estimation of amount of damages is applied here, nor do we express any opinion whether or not those awarded by the inquisition were or were not adequate. In actions of this character that question is wholly for the jury. And the same words spoken of others would not require the same measure of damages in all cases. The circumstances of each case properly govern the considerations which lead to a result.
Whatever was the effect of the admission of the incompetent evidence referred to, it was such as fairly requires that a rehearing be had. Foster v. Smith, 10 Wend. 377. It is suggested that direction be given that the assessment may be had at the circuit. This may be a proper case for the aid of a justice of the court. Cazneau v. Bryant, 6 Duer, 668; S. C., 4 Abb. 402. If either party is so advised, the question can be brought to the consideration of the special term by motion.
The order should be reversed, and motion to set aside the inquision granted. Ten dollars costs and disbursements of this appeal to abide the event.
Smith, P. J., Barker and Haight, JJ., concur..