Martin, J.
This was an action for an accounting by the defendants with the plaintiff as a receiver of and suceéssor to the rights and interest of Walter E. Mitchell, as a member of the firm of Guy, Pollett & Co. A copartnership was formed December 5, 1882, between George E. Guy, Delos Pollett, and Walter E. Mitchell, to carry on the business of milling and dealing in flour, feed, and grain, under the firm name of Guy, Pollett & Co. Mitchell was to furnish all the capital needed for the business, and Guy and Pollett were to contribute their services and thb use of a mill and fixtures. The mill was owned'by Guy and one J. C. Pollett, who was not a defendant in this action. Guy "and Pollett were each to receive $200 per year out of the profits, ■ and the remainder of the profits were to be divided equally between the three. All losses were to be borne equally. At the expiration of the copartnership the use of the mill and fixtures were to revert to Guy and Pollett, and the capital furnished by Mitchell was to be repaid to him. The partnership continued until December 9, 1884, when it was dissolved by the insolvency and general assignment of Mitchell.
On the trial Pollett testified that Mitchell put into the business of the firm $7,478. The defendants then offered to prove by him that $2,000 of the-sum so put in was obtained upon a note made by Guy and Pollett at Mitchell’s request, and upon his promise to pay the note when due, or repay the amount to Guy and Pollett. This evidence was objected to, and excluded, to which ruling the defendants duly excepted. The offer was, in effect, to prove that Mitchell did not contribute to the capital of the firm $7,478, but only $5,478. This evidence was objected to on the grounds (1) that it wal incompetent and improper; (2) that in another action the defendants had alleged that Mitchell had put in $7,478; (3) that it was admitted by the pleadings in this action that he had put in that sum. Surely the proof offered was competent and proper, if within the pleadings. While the answer in another case was perhaps proper evidence against the defendants as an admission, it was not conclusive, and the objection was not valid. The complaint in this action alleged that Mitchell put in about $8,000. This allegation was not denied. Hence the question is whether the omission to deny this allegation was an admission that Mitchell put in $7,478. We think it was not. The allegation was too indefinite. The plaintiff would not have been entitled, under the complaint, to a finding that any particular sum was contributed by Mitchell without proof of the amount. Thompson v. Lumley, 7 Daly, 74. Thus, the burden being upon the plaintiff to establish the amount advanced; the defendants were not concluded by the proof given by the plaintiff. They had the right to show the true amount, as they had expressly denied the allegation in the complaint that there was due Mitchell several thousand dollars. Moreover, the undisputed evidence was that the $2,000 note referred to was given for money that was used in the business of the firm, and also that it was given for the benefit of Mitchell. If for his benefit, presumably it was a part of the $7,478 furnished by him, as the proof is that he furnished only that sum. *699 This note was paid from the assets of the firm after Mitchell’s failure and the consequent dissolution of the copartnership, and hence the actual capital furnished by Mitchell was only $5,478. The learned referee credited the plaintiff with $7,478 for capital furnished by Mitchell. In this, we think, he erred. While the evidence upon this question is not as full and satisfactory as might be desired, still the plaintiff cannot complain, as the proof which would have made it more clear was rejected upon his objection. We, however, regard the evidence as sufficient to show that the capital furnished by Mitchell was $5,478, and not the amount allowed by the referee.
Nor do we understand upon what principle the referee could properly charge the defendants with the rent of the mill for more than two years and a half after Mitchell became insolvent, and the copartnership had become dissolved. The mill was never the property of this firm. By the agreement.it was to revert to Guy and Follett when the copartnership was ended. The only property the firm had on hand at the time of its dissolution was stock of the value of $2,200 or $2,300, and accounts and debts owing the firm to the amount of $6,591 to $6,691. A proper discharge of the defendants’ duties, as the remaining members of the dismembered firm, would have been discharged by a fair disposal of the stock and property on hand, a faithful effort to collect the debts owing such firm, and a proper disposition of the proceeds of such sales and collections. While it might have been proper to charge them with interest upon the value of the assets and property of the firm which came into their hands, we can discover no principle upon which they can be charged with rent for the use of property which never belonged to the firm, especially as they ceased to occupy it within four months after Mitchell’s failure. We think the learned referee erred in allowing such rent. For the errors pointed out we think the judgment appealed from should be reversed. Judgment reversed on the exceptions, and a new trial granted, with costs to abide the event before another referee. All concur.