WILLIAM DUFFUS, APPELLANT AND RESPONDENT, *v.* ELI T. BANGS AND ANOTHER, RESPONDENTS AND APPELLANTS.

*Assessment of damages in an action for conversion — judgment absolute for plaintiff in the Court of Appeals after a nonsuit at circuit — not conclusive as to damages.*

Upon the trial of an action for the conversion of personal property the plaintiff was nonsuited, a new trial was granted at the General Term, and upon an appeal by the defendants to the Court of Appeals judgment absolute was rendered for the plaintiff. The case then went to the circuit for an assessment of damages, where the defendants offered to prove that the property converted was of much less value than the amount testified to by the plaintiff's witness, and also offered to impeach said witness. Testimony offered for this purpose was rejected.

*Held,* that such evidence was improperly rejected.

That in such an action the allegation of value is not traversable, and hence that the amount of the damages was in no manner settled by the judgment of the Court of Appeals.

That the position of the plaintiff was similar to that of a plaintiff in the case of an assessment of damages upon a default in answering, where the defendant may call and examine witnesses and prove proper mitigating circumstances.

APPEALS by the defendants, Eli T. Bangs and Jane E. Bangs, from a judgment entered in the clerk's office of Onondaga county on the 21st day of February, 1891, in favor of the plaintiff for $1,887.59, damages and costs upon an assessment of damages, had before the court and a jury at the Onondaga Circuit, and also from an order entered in said clerk's office on the 19th day of February, 1891, denying the defendants' motion to vacate said assessment of damages and for a reassessment, with notice of an intention to bring up for review upon said appeal the rulings of the trial justice upon said assessment.

Also an appeal by the plaintiff William Duffus from so much of an order, entered in said clerk's office on the 5th day of January, 1891, upon said assessment, and from so much of said judgment above set forth as refuses and denies to the plaintiff the right to recover interest on the demand in said action, or to allow the plaintiff interest on the amount of the value of the property converted.

*Walter S. MacGregor*, for the plaintiff.

*T. K. Fuller*, for the defendants.

MARTIN, P. J.:

On the trial of this case the plaintiff was nonsuited. From the judgment entered thereon he appealed to the General Term, where the judgment was reversed and a new trial granted. The defendants thereupon appealed from the decision of the General Term to the Court of Appeals, stipulating that if the order granting a new trial was affirmed, judgment absolute should be rendered against them. The decision of the General Term was affirmed and judgment absolute rendered on such stipulation. The case was then remitted to this court, and the judgment of the Court of Appeals made the judgment of the Supreme Court.

The action was for the conversion of personal property. An assessment of damages was had at circuit before a justice of this court and a jury. On the hearing the plaintiff read the testimony of one witness as to the value of the property in question, and rested. The defendants then offered to prove that the property was of much less value than testified to by the plaintiff's witness, and also to impeach such witness. This evidence was objected to and excluded, the court holding that the plaintiff was entitled to recover $1,300, the alleged value of the property, as the testimony offered by him showed that it exceeded that sum. To this ruling the defendants excepted.

Subsequently a motion was made by the defendants to vacate the assessment of damages. On this motion the court held that the defendants were not entitled to introduce any evidence of the value of the property in question, but could only cross-examine witnesses produced by the plaintiff, and, therefore, denied the motion. The correctness of these rulings is challenged by the appellants, and presents the only question we are called upon to decide in this case.

It must be conceded, at the outset, that the judgment against the defendants determined all the issues in the case adversely to them and established the plaintiff's right of recovery herein. But we think it did not entitle the plaintiff to the amount of damages alleged, nor to such as might be testified to by such witnesses as he might call, regardless of their credibility.

In an action for conversion the allegation of value is not a traversable one, and even on default, where all the traversable averments are taken as admitted, the plaintiff must prove his damages if he seeks to recover more than a nominal amount. (*Connoss* v. *Meir*,

2 E. D. Smith, 314, and authorities cited in opinion; *Raymond* v. *Traffarn*, 12 Abb. Pr., 52; *McKensie* v. *Farrell*, 4 Bosw., 192, 202; *De Graaf* v. *Wyckoff*, 13 Daly, 366; *Starr* v. *Cragin*, 24 Hun, 177.)

As the allegation of damages in this case was not an issuable averment, it follows that the amount which the plaintiff was entitled to recover in excess of nominal damages was in no wise settled by the judgment awarded by the Court of Appeals. If the plaintiff was entitled to recover more, an assessment of damages was required to determine the amount.

It is not claimed that the plaintiff occupied any better or different position than he would upon an assessment of damages before a sheriff's jury, or before a court and jury at circuit, where there had been a default in answering. (*Thompson* v. *Lumley*, 7 Daly, 74.) The rule that on an assessment of damages, either at the circuit or before a sheriff's jury, a defendant may call and examine witnesses, or otherwise prove all proper mitigating circumstances, seems to be well settled. (*Saltus* v. *Kipp*, 12 How. Pr., 343; 5 Duer, 646; *McDonald* v. *Walsh*, 5 Abb. Pr., 69; *Gilbert* v. *Rounds*, 14 How. Pr., 46, 51; *Warner* v. *Kenny*, 3 id., 323; *Lane* v. *Gilbert*, 9 id., 150; *Hays* v. *Berryman*, 6 Bosw., 679; *Thompson* v. *Lumley*, 7 Daly, 79; 3 Wait's Pr., 662; 2 Rumsey's Pr., 602.)

We think the court erred in excluding the evidence offered by the defendants as to the value of the property converted, and that for such error the judgment and order should be reversed, and the motion for an order vacating the assessment of damages should be granted.

This determination of the defendants' appeal renders it wholly unnecessary to consider the question sought to be raised by the plaintiff's appeal; it is, therefore, dismissed, without costs.

The judgment and order are reversed and motion to vacate assessment of damages granted, with ten dollars costs of motion and costs of this appeal to the appellants.

MERWIN, J., concurred.

Plaintiff's appeal dismissed, without costs; judgment and order reversed, and motion to vacate assessment of damages granted, with ten dollars costs of motion and costs of this appeal to the defendants.